75 So.2d 343

**Robert R. BOUCHER, A. C. Wilkinson and Jules R. Gueymard,**

**v.**

**DIVISION OF EMPLOYMENT SECURITY OF THE DEPARTMENT OF LABOR State of Louisiana.**

No. 41649.

July 2, 1954.
Rehearing Denied Oct. 5, 1954.

James J. Morrison, New Orleans, for appellants.

Lewis D. Dunbar, Baton Rouge, John W. Read, Richard B. Montgomery, Jr., New Orleans, Montgomery, Barnett, Brown & Sessions, New Orleans, of counsel, for respondent-appellee.

MOISE, Justice.

Robert R. Boucher, A. C. Wilkinson and Jules R. Gueymard have appealed from a decision of the State Civil Service Commission sustaining their dismissal by J. Hadley Heard, Administrator of Division of Employment Security of the Department of

Labor, State of Louisiana, for causes alleged.

The Commission is composed of five members. Three of the Commissioners voted to sustain the dismissal; two—Messrs. Rivet and Dennery—dissented, stating that "in view of the fact that their appointing authority did not comply with the provisions of Section 2 of Rule XII of the Rules of this Commission, then in effect, we believe the removal was improper and illegal," and, accordingly, the appellants have not been properly removed.

In the dissenting and majority opinions, we find the following finding of fact:

"The appointing authority gave written notice of the dismissal and the reason therefor to appellant Wilkinson, at 2:00 P.M. on June 24, 1953, informing him that the removal was effective at the close of business on such date." (This statement is also made with reference to appellants Boucher and Gueymard).

The record discloses that the appointing authority did not comply with Section 2, Rule XII of the Commission, then in effect, which reads:

"In every case of removal, reduction in pay, layoff, demotion, or suspension for a period exceeding 30 days, of a regular employee, the appointing authority or his authorized agent ·shall furnish the employee and the Director in advance of such action a statement in writing giving explicit and detailed reasons therefor and shall notify such employee of his right of appeal to the Louisiana Civil Service Commission, or may notify the employee of his right of appeal by attaching a copy of Rule XIII to the Notice and stating in the notice that such copy is attached; and in the case of layoff, of his additional right to have his name placed on a preferred re-employment list. The Director shall require the employee who desires to appeal to answer specifically and in writing the charges made against him by his appointing authority and may make such investigation of the facts as he may deem proper. In instances where the facts seem to warrant it, the Director, in the case of any regular employee removed, reduced in pay, laid off, demoted or suspended for a period exceeding 30 days by action of any appointing authority, may authorize the transfer of the employee concerned to a similar position under another appointing authority with the consent of such authority, and shall also accord such employee the right to have his name placed on all appropriate eligible lists. Upon written request of an employee and with the approval of the Director, such employee may be demoted without compliance with the requirements of this section."

The record is conclusive that the Director of Personnel was not furnished with ad-

vance written notice, as was required by Section 2 of Rule XII of this Commission, then in effect, although the appointing authority did discuss the matter with him.

Article XIV, Section 15, (I), of the Constitution, shows the force and effect of a rule adopted by this Commission. The Article reads:

"There is vested in the State Civil Service Commission and in the appropriate City Civil Service Commissions for the several cities respectively the authority and power, after public notice and public hearing, to adopt, amend, repeal and enforce rules *which shall have the effect of law,* regulating employment, transfers, promotion, removal, qualifications, and other personnel matters and transactions, and employment conditions and disbursements to employees, and carrying out generally in the foregoing respects, and as may be otherwise necessary to that end, the provisions and purposes of Civil Service as herein provided, * * *."

In the case of Mallory Coal Co. v. National Bituminous Coal Commission, 69 App. D.C. 166, 99 F.2d 399, 406, it is stated:

"However, it is a well accepted principle that rules of practice, pleading, procedure and evidence promulgated by an administrative agency under proper legal authorization have the force and effect of law."

See Leebern v. United States, 5 Cir., 124 F.2d 505.

The following pronouncement was made in the case of Kutcher v. Gray, Admiral of Veterans' Affairs, 91 U.S.App.D.C. 266, 199 F.2d 783, 787:

"* * * accused of disloyalty as a cause for removal from employment, he was entitled to the benefit of all the safeguards provided by that Order. It was necessary for the proceedings to conform in all substance to the requirements of the Order. United States v. Wickersham, 1906, 201 U.S. 390, 26 S.Ct. 469, 50 L.Ed. 798; Deak v. Pace, 1950, 88 U.S.App.D.C. 50, 185 F.2d 997; Borak v. Biddle, 78 U.S. App.D.C. 374, 141 F.2d 278, certiorari denied, 1944, 323 U.S. 738, 65 S.Ct. 42, 89 L.Ed. 591."

In the case of Nicholas v. United States, 257 U.S. 71, 42 S.Ct. 7, 9, 66 L.Ed. 133, the United States Supreme Court, the supreme authority, speaking of a provision similar to that herein involved, said:

"The purpose of this statute, as its terms plainly show, is to require that one in the classified civil service of the United States have an opportunity to know of the charges against him before removal with an opportunity to answer them, * * *."

In the case of Pettit v. Reitzell, 202 La. 12, 11 So.2d 13, we said that the Civil Service Statutes are strictly construed. See also, State ex rel. Murtagh v. Department of City Civil Service, 215 La. 1007, 42 So.2d 65.

Since the Constitutional Provision, Article XIV, Section 15, (I), prescribes that the Rules of the Civil Service Commission have the effect of law, and in the dismissals of appellants on June 24, 1953, Section 2 of Rule XII of the Rules of the Civil Service Commission was not complied with, in that the Director of Personnel was not given advance written notice of the action of the Administrator of Division of Employment Security of the Department of Labor, State of Louisiana, we do not have to go into the merits.

In the science of government, experience is always the best teacher. The political drug store is full of panaceas, each with its trade-mark of some school of therapeutics blown in the bottle. In politics there is so often invoked the destructive concept of a practice that to the victor belongs the spoils. It is the "spoil system" that Civil Service desires to eradicate. If this Court knows what everybody knows, then it has knowledge that political opponents of one administration may be the governing body of the next, and the cranks of the old may become the philosophers of the new; but the value of Civil Service Reform is wholly dependent on whether the law and the evidence, without exception, are fairly and justly applied by the Board of Civil Service Commissioners, and in the Courts with an even hand freely and fearlessly enforced. We do not pass on the expediency or wisdom of the law; our responsibility is that when a law is clear and free of ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. LSA Civil Code Article 13. When the Board of Civil Service Commissioners is right the duty of a Court is to keep it right, and when wrong to place it right.

In view of the fact that the appointing authority did not comply with the Provisions of Section 2 of Rule XII of the Rules of the Commission, then in effect, the removals were improper and illegal, and, accordingly, Robert R. Boucher, A. C. Wilkinson and Jules R. Gueymard have not been properly removed.

The judgment appealed from is reversed and set aside, and the suit dismissed.

HAMITER, J., concurs in the result.

HAWTHORNE and McCALEB, JJ., concur in the decree.

LE BLANC, J., absent.

On Application for Rehearing.

PER CURIAM.

Our attention has been called to the fact that the decree in this case inadvertently dismissed plaintiffs' suit. We will, therefore, recast the same to read as follows:

For the reasons assigned, it is ordered, adjudged, and decreed that the order of the State Civil Service Commission removing from office Robert R. Boucher, A. C. Wilkinson, and Jules R. Gueymard is reversed and set aside.