HAWTHORNE, Justice.
Rayburn L. Anderson has appealed from' a decision of the State Civil Service Commission upholding the validity of his discharge by the administrator by letter of October 19, 1954, the discharge to be effective October 29, 1954, and upholding the-refusal of the administrator to recognize appellant as an employee of the Division of Employment Security of the Louisiana Department of Labor from October 29 to date. The effect of such a reversal as appellant here seeks would be to leave him still in the classified service, and it is apparent that if he is successful, he would be in a position to demand and possibly recover his monthly salary from October 29, 1954, to-date, amounting at this time to more than $16,000.
Appellant Anderson is one of a group of employees (among this group being Boucher, Wilkinson, Gueymard, Domas, et al.) discharged by the administrator for submitting for payment to the employing authority false and fraudulent expense accounts. In the instant case the Civil Service Commission found after a hearing that the employing authority “acted in good faith and with just and legal cause in dismissing Anderson”, that he was not “legally entitled to receive any funds of the State as a gratuity or in payment for services not actually rendered”, and that there was not “any discrimination against the appellant by the refusal of his employing authority to restore him to a position from *697 which he was dismissed for good and sufficient cause”.
For an understanding of the issue raised by this appeal it becomes necessary to set forth the following:
On June 24, 1953, appellant here, Rayburn L. Anderson, an employee in the classified service of the Division of Employment Security of the Department of Labor of the State of Louisiana, was discharged by the administrator, the dismissal to be effective at the close of business on that date, because evidence available to the department disclosed that he had submitted a false and fraudulent statement for traveling expenses during the period from May 22, 1950, to June 8, 1950. From this dismissal Anderson appealed to the Civil Service Commission (Appeal No. 4 on the docket of that Commission). The Commission upheld the dismissal, and Anderson appealed to this court.
While that appeal was pending here, this court decided the case of Boucher v. Division of Employment Security of the Department of Labor, 226 La. 227, 75 So.2d 343. In that case this court held in reversing the decision of the State Civil Service Commission that the dismissal of these employees in the classified service on June 24, 1953, was illegal, null, and void because of non-compliance with then existing Rule XII, Section 2, of the rules of the Civil Service Commission requiring that the director of personnel should be given advance written notice of the removal. Our decision became final on October 5, 1954.
Thereafter Anderson’s appeal, which was pending in this court when the Boucher case was decided as stated above, was reached on o'ur docket. This court in this, case, as in the Boucher case, annulled and set aside the decision of the State Civil' Service Commission sustaining the dismissal of Anderson, upon the following concession made by all parties:
“It is conceded by all parties to this appeal' that written notice of appellant’s dismissal was not furnished to the Director of Personnel by the appointing authority in advance of such action as required by Rule XII, Section 2, of the rules of the Commission in effect at the time of his discharge. The same state of facts existed in Boucher v. Division of Employment Security of the Department of Labor, 226 La. 227, 75 So.2d 343, and in that case this court Held that the dismissal was improper. The Boucher case is controlling here, and this is recognised' by all parties to this appeal by joint motion and stipulation filed in this court." (Italics, ours.) Anderson v. Division of Employment Security, 227 La. 432, 79 So.2d 565.
Meanwhile, taking cognizance of the decision of this court in the Boucher case, supra, and realizing that Anderson’s dismissal of June 24, 1953, was procedurally illegal, null, and void because it had been made in the same manner and under the same circumstances as Boucher’s, the administrator on: *699 October 19, 1954, complied in every respect with the ruling announced in the Boucher case by giving to Anderson, the appellant here, written notice of dismissal effective at the close of business on October 29, 1954.[1]
From this October 29 dismissal Anderson appealed to the State Civil Service Commission (Appeal No. 75 on the docket of the Commission). Moreover, after the decision of this court holding that Anderson’s dismissal of June 24, 1953, was invalid because it was procedurally illegal, Anderson again appealed to the Civil Service Commission from the refusal of the administrator to recognize him as an employee and permit him to return to work (Appeal No. 103 on the docket of the Commission).
Both of these appeals were in due course consolidated for hearing by the Commission, which granted to appellant hearings on these appeals on December 16, 1954, January 19, 1955, and June 16, 1955. On December 13, 1955, the State Civil Service Commission dismissed both of Anderson’s appeals, upholding the validity of his discharge effective October 29, 1954, and upholding the refusal of the administrator to recognize appellant as an employee for the period from October 29, 1954, to date. From this decision the instant appeal was lodged in this court.
Appellant in this court first urges that the Commission “erred in law by ruling that the administrator of the Division of Employment Security had authority to dismiss appellant, effective October 29, 1954, for the same reasons stated for dismissing appellant in the June 24, 1953 attempted dismissal, the validity of which reasons was pending before this court on appeal”.
After the Boucher case was decided by this court holding that Boucher’s dismissal of June 24 was procedurally illegal, it became apparent to the administrator that Anderson’s dismissal on June 24, 1953, which was made in the same manner as Boucher’s, was likewise procedurally illegal and would be so declared when Anderson’s appeal was heard before the Supreme Court, and that therefore appellant Anderson was still in the classified service because his initial dismissal was illegal. That the administrator was correct is shown by the fact that when the Anderson appeal was submitted to the Supreme Court for decision, all parties to it stipulated that it was controlled by the Boucher decision, as we have shown by the quotation from the Anderson case above. Accordingly the October 29, 1954, discharge, appellant’s second dismissal, made in compliance with our ruling in the Boucher case, was properly made by the administrator in *701 order to rectify an earlier procedural error, regardless of the fact that Anderson’s first appeal was then pending in this court; and there is no authority in law for Anderson’s position to the contrary.
Moreover, the action of the administrator in discharging appellant on October 29 while his first appeal was pending in this court in no way deprived him of any of his rights: He had the right to appeal from this second dismissal to the State Civil Service Commission, and his second dismissal did not affect his status as an employee in the classified service for the period between the two dismissals.
Appellant next urges that the Commission “erred in law by ruling that it had jurisdiction to hear and decide the question of the validity of the reasons for the October 29, 1954 dismissal when the validity of these reasons was pending before this court upon appeal from the June 24, 1953 attempted dismissal”.
As we have already pointed out, the effect of the Boucher decision was to strike Anderson’s dismissal of June 24 with nullity, even though Anderson’s appeal seeking a reversal of that dismissal was pending in this court. Since this dismissal was a nullity, Anderson was still in the classified service at the time of the dismissal of October 29, 1954, from which he appealed to the Civil Service Commission, and for these reasons on that appeal the Commission had jurisdiction of the October 29, 1954, dismissal. In fact, it was the function and duty of the Commission to take cognizance of his appeal.
Furthermore, we might add that on the hearing before the Commission on the October 29 dismissal all parties stipulated that it would be assumed that a judgment had been rendered in the Supreme Court on the appeal of Anderson similar to that rendered in the Boucher case, the Commission observing: “By the effect of the stipulation aforesaid, and for the purposes under consideration, Anderson is assumed to have procured a decree from the Supreme Court of the State reading as follows: ‘For the reasons assigned, it is ordered, adjudged, and decreed that the order of the State Civil Service Commission removing from office Rayburn L. Anderson is reversed and set aside.’ ”
Appellant further contends that the Civil Service Commission “erred in law by upholding the attempted October 29, 1954 dismissal solely in reliance upon the reversed and annulled former appeal No. 4 [the appeal from his June, 1953, discharge] and in denying appellant a new trial on the merits of appeal No. 103 [his appeal from the refusal of the administrator to recognize him as an employee]”.
It is difficult for us to determine what the alleged error of the Commission is of which appellant is here complaining, and indeed we are at a loss to follow his argument in support of this contention. His argument *703 ■seems to be, first, that the decision of this ■court on his first appeal rendered in March, 1955, completely annulled the Commission’s holding that the June 24 discharge was valid and reversed the decision of the Commission in its entirety. This is not entirely true. In the first appeal we did, for procedural reasons, reverse the judgment of the Commission affirming his June 24 dismissal, which left him in the classified service, but this court did not discuss or even consider the ■causes of his dismissal. He then argues or assumes that the October 29, 1954, dismissal was a nullity because it was made during the pendency of his first appeal. That phase ■of his argument we have already answered. He then argues that he is entitled to a new hearing or a new trial on his appeal No. 103 from the refusal of the administrator to recognize him as an employee and permit him to return to work, an appeal which was tak•en after our decision on his first appeal.
The answer to this contention is that appellant appealed to the Commission from his dismissal of October 29, that the Commission in due course consolidated this appeal with the appeal taken from the refusal of the administrator to recognize him as an employee, and that the Commission afforded to him a full and complete hearing on these consolidated appeals and in due course rendered its decision. In these consolidated appeals the Commission had before it all the facts and circumstances surrounding not only appellant’s June 24 dismissal but also his October 29 dismissal, and in the hearings before the Commission which terminated on June 16, 1955, it was stipulated that all the facts in the original Anderson case were the same as in this case.
Appellant also complains of other alleged errors. We have given each argument careful consideration and find no merit in any of them. It would therefore serve no useful purpose to discuss them in this opinion.
For the reasons assigned the decision of the Civil Service Commission is affirmed. Appellant Rayburn L. Anderson is to pay all costs.

. Appellant Anderson instituted mandamus proceedings to compel payment of Ms salary from June 24,1953, the date of the first and illegal dismissal, to October 29, 1954, the date of the second discharge. In a decision rendered this day on appeal to tMs court in the mandamus case (State ex rel. Anderson v. Walker, 233 La. 687, 98 So.2d 153) he is being awarded his salary for that period amounting to $7,857.