ELLIS, Judge.
This is an appeal by Samuel Cilano from an opinion of the State Civil Service Commission affirming his dismissal from his position as Clerk II in the Louisiana Department of Employment Security.
The letter from the appointing authority dated July 2, 1976, gives the following cause for his dismissal:
“For the period ending March 31, 1976, you received an unsatisfactory service rating with specific reasons therefor being assigned in your official service rating. Pursuant to Rule 10.8(a) you were given a re-rating for the period ending June 30, 1976. For the reasons assigned in your official service rating you were again rated unsatisfactory based on your performance.
“Since, during the re-rating period, your performance remained unsatisfactory, in accordance with Civil Service Rule 10.8(b) and Rule 12.1, I have concluded that it is in the best interest of this Agency that your services be terminated. The two service ratings previously referred to herein, which contain the specific reasons for the action taken are attached to, and made part of this notice.”
On July 16, 1976, Mr. Cilano timely appealed his dismissal, giving the following as the basis for his appeal:
“Mr. Cilano claims that he has been discriminated against in his termination from employment. Mr. Cilano feels that his termination has been based upon:
“A. Personality conflicts between Mr. Cilano and immediate supervisors;
“B. Unfair subjective appraisals by Mr. Cilano’s supervisors of his work performance;
“C. That fact that Mr. Cilano has appealed to this board because of denial of an annual salary increase; and
“D. An assertion by Mr. Cilano’s supervisors that he is generally disliked.”
Prior to the hearing before the Commission, Mr. Cilano filed a motion for summary disposition, based on the alleged inadequacy of the notice of dismissal, in that it does not give a clear and detailed cause for the dismissal and does not state that Mr. Cilano’s conduct impairs the efficiency of the public service.
After the hearing, the Commission rendered its opinion, denying the motion for summary disposition, finding that Mr. Cila-no failed to bear the burden of proving that he was discriminated against or that his discharge was based on non-merit factors. It further found the appointing authority had proven the inadequacy of Mr. Cilano’s work performance.
Mr. Cilano’s appeal places at issue the failure of the Commission to sustain his motion for summary disposition, and its failure to find that his termination was based on discrimination and non-merit factors.
The Commission based its denial of the motion for summary disposition on the following Civil Service Rules:
“Rule 10.8 Effect of ‘Unsatisfactory’ Rating.
“(a) When an employee receives an ‘Unsatisfactory’ service rating, he becomes ineligible for promotion or salary increas *460 es until he receives a ‘Satisfactory’ rating. On or after June 30 but not later than September 30 of each rating year the appointing authority shall cause each employee who has an ‘Unsatisfactory’ rating to be rerated and shall notify the Director of the new rating.
“(b) In addition to the penalties provided in Subsection (a) hereof an employee with an ‘Unsatisfactory’ rating may be subjected to any of the penalties set forth in Rule 12.1.”
“Rule 12.1 Disciplinary Actions.
“An appointing authority may take appropriate action to remove, suspend, demote, reduce in pay, reassign or reprimand an employee for cause.”
In its opinion, the Commission said:
“It is clear that the letter of termination specified that appellant was being terminated due to an unsatisfactory service rating in which reasons therefor were specified and, further, an unsatisfactory rerating. Civil Service Rules 10.8(b) and 12.1 provide the authority for such action. To hold otherwise would be to deprive an appointing authority of the power of dismissing employees who were simply not doing their jobs. It is not alleged that appellant committed any one specific act for which he was terminated. It is simply alleged in the letter of termination that appellant was not doing the job for which he was employed, and the specifics of the failure are listed in the service ratings attached to and made part of the letter of dismissal.”
We cannot agree with the Commission in its holding that an allegation of an unsatisfactory service rating alone gives a sufficient cause for disciplinary action. The circumstances which give rise to the rating, rather than the rating itself, are the real cause for the action, and should be alleged in detail, giving the employee the opportunity to defend against specific charges of misconduct. However, since the ratings were attached to and made part of the notice, we think the appointing authority has given the detailed notice required. The motion for summary disposition was therefore properly overruled.
The other assignment of error is that the Commission erred in not finding that Mr. Cilano was discharged “due to discrimination and due to non-merit factors.” Mr. Cilano testified to a number of circumstances which are alleged to show discrimination against him. He testified that Robert Rule, one of his supervisors, said that he hated Italians; that the people in the office disliked him because of his personality; that his supervisors would send messages with their eyes to his coworkers to be mean to him; and that he was the victim of mental cruelty and harassment by his supervisors.
Mr. Cilano’s charges were denied by Randal Strother, his immediate supervisor, who testified that the action taken against Mr. Cilano was not based on any factor other than his job performance. Other witnesses testified to substandard work on Mr. Cila-no’s part.
Our review of the record fails to reveal any manifest error on the part of the Commission in rejecting the testimony of Mr. Cilano, or in finding that he failed to prove that his dismissal was due to discrimination or non-merit factors.
The opinion of the Commission is therefore affirmed, at Mr. Cilano’s cost.
AFFIRMED.