361 So.2d 1268 (1978)
Camille SHELFO
v.
LHHRA, PINECREST STATE SCHOOL.
No. 12003.
Court of Appeal of Louisiana, First Circuit.
June 12, 1978.
Rehearing Denied August 31, 1978.
Writ Refused October 26, 1978.
Eugene P. Cicardo, Alexandria, for appellant Camille Shelfo.
Sidney W. Hall, Baton Rouge, for appellee.
*1269 Before LANDRY, SARTAIN and ELLIS, JJ.
LANDRY, Judge.
Plaintiff (Appellant) appeals from a decision of the Civil Service Commission (Commission) sustaining Appellant's dismissal from the position of Attendant II at Pinecrest State School (Pinecrest), an institution for the care of persons with serious mental and physical disabilities. Appellant was dismissed for allegedly striking with his fist, a deaf, mute and almost blind inmate. The primary issue is whether Appellant was given adequate and timely notice of dismissal. We affirm the Commission's determination that such notice was given.
On April 7, 1977, and for some time prior thereto, Appellant was employed as an attendant assigned to Cottage J of Pinecrest on the 10:00 p. m. to 6:00 a. m. shift. By letter of his appointing authority dated April 22, 1977, Appellant was informed of his dismissal as of 10:00 p. m., April 25, 1977, for the following reasons:
"You are being separated from your position because you abused resident Leonard Navarro on Friday, April 8, 1977, while you were on duty on Cottage J.
"By your own admission in a written statement, you struck this resident in the stomach while he was in a disturbed state. This action would be considered abusive and in violation of Blue Book Policy Supt. 381-5-72, Paragraph 11, which forbids abuse of residents.
"Additionally, you are being separated because during the investigation it came to light that you have been selling items such as bread, peanut butter and cigarettes to the residents on the cottage. This was admitted by you through a written statement submitted by you dated April 11, 1977. This is in direct violation of Supt. Directive 501-5-72 (Revised 1-4-76), Expending a Resident's Personal Funds."
When it was discovered that the alleged abuse occurred on April 7, rather than April 8, Appellant's appointing authority issued the following written notice of dismissal on May 3, 1977:
"You are hereby informed you are being separated from your position as Attendant II effective at 10:00 p. m. on May 3, 1977.
"You are being separated from your position because you abused Resident Leonard Navarro on Thursday, April 7, 1977, while you were on duty on Cottage J.
"By your own admission in a written statement, you struck this resident in the stomach while he was in a disturbed state. This action would be considered abusive and in violation of Blue Book Policy Supt. 381-5-72, Paragraph 11, which forbids abuse of residents.
"Additionally, you are being separated because during the investigation it came to light that you have been selling items such as bread, peanut butter, and cigarettes to the residents on the cottage. This was admitted by you through a written statement submitted by you dated April 11, 1977. This is in direct violation of Supt. Directive 531-5-72 (Revised 1-4-76), Expending a Resident's Personal Funds.
"In view of the above violations, we have no alternative but to remove you from your position.
"In addition to the above, you were suspended from duty without pay beginning at 10:00 p. m. on April 25, 1977, through 10:00 p. m. on May 3, 1977."
On July 7, 1977, the charges were heard before a referee appointed by the Commission. At this time, Appellant filed an exception contending, inter alia, that the charges were vague in that they did not specify the time of the alleged abuse or the times, places and names of persons to whom sales were purportedly made. The appointing authority concedes that the April 22, 1977 notification of dismissal is defective and that Appellant is entitled to pay and all privileges attending his position until 10:00 p. m., May 3, 1977. Appointing authority dismissed, for lack of specificity, the charges relating to sales to inmates and *1270 stipulated the sole charge was for the alleged inmate abuse. Appellant objected to hearing of the abuse charge on the ground that it did not provide the time of the alleged abuse or the names of witnesses thereto.
Civil Service Rule 12.3 provides that in case of removal, demotion or reduction in pay for cause, of a permanent employee, the appointing authority or his authorized agent:
"shall furnish to the employee at the time such action is taken or prior thereto, a statement, in writing, giving detailed reasons for such action. The appointing authority shall furnish the director a copy of said statement within fifteen (15) calendar days of the date the employee was notified."
La.Const.1921, Article 14, Section 15(N)(1)(a) placed the burden of proof on the employee on appeal. The jurisprudence interpreting Rule 12.3 in the light of the 1921 constitutional provision requires that the employee be given detailed facts, dates, places and names of witnesses to enable the employee to discharge the heavy burden placed upon him. See Hays v. Louisiana Wild Life and Fisheries Commission, 243 La. 278, 143 So.2d 71 (1962); Hoover v. Department of Finance, 283 So.2d 298 (La. App. 4th Cir. 1973).
Pursuant to La.Const.1974, Article 10, Section 8, the burden of proof in cases of this nature has been shifted from the employee to the appointing authority. Despite this change in burden of proof, we find that a classified employee is entitled to reasonable notice of the nature of the charges against him. Depending upon the circumstances of each case, such an employee must be informed as to the time, place and nature of the offense in such detail as will enable him to adequately prepare his defense.
On April 7, 1977, Appellant was in charge of Cottage J as alleged in the notice of dismissal. So far as the record shows, Appellant was the only attendant on duty at that time, and the only possible witnesses, other than Appellant, were the inmates under Appellant's care. The letter of dismissal recites the particular shift and date on which the alleged abuse took place. On April 10, 1977, Appellant gave an oral statement to his superior, Joe Reed, who reduced the statement to writing in Appellant's presence. Reed read the statement to Appellant who acknowledged its correctness and signed the document in Reed's presence. The statement acknowledges that Appellant struck an inmate, Leonard Navarro, with Appellant's fist. In the statement, Appellant noted that sometime after midnight, Navarro began making noises that were disturbing and awakening other patients. Upon investigation, Appellant observed Navarro pointing to his bare feet and indicating the need for socks. To humor the patient, Appellant proceeded toward the clothing room to get some socks for Navarro. Apparently Navarro became more confused and struck Appellant on Appellant's left hand. Navarro then struck Appellant on the side of Appellant's neck with Navarro's open hand. At this juncture, Appellant struck the patient in the stomach with Appellant's fist.
Since Appellant was the only attendant on duty and all other possible witnesses were patients with varying degrees of mental and physical disability, and since Appellant had given a statement (shown to have been free and voluntary) in which he personally detailed the incident in question, we conclude Appellant was given adequate notice of the charge against him.
Relying upon Boucher v. Division of Employment Security, 226 La. 227, 75 So.2d 343 (1954) and Louviere v. Pontchartrain Levee District, 199 So.2d 392 (La.App. 1st Cir. 1967), Appellant contends that the charges must be dismissed because of lack of proof of service thereof on him conformable with Rule 12.3, above. Joy Netherland, Appellant's superior, testified that she personally gave the dismissal letter of May 3, 1977 to Joe Reed, who hand delivered it to Appellant. On this issue, we note that in the exception filed on the day of hearing, Appellant expressly acknowledged receipt *1271 of the letters of April 22 and May 3, 1977, on their respective dates. Although the Commission did not make an express finding that the notice of May 3 was timely served, the action of the Commission in sustaining Appellant's dismissal clearly infers such a finding. In any event, the record affirmatively shows timely service of the May 3, 1977 notice of dismissal.
Appellant also complains that the referee improperly allowed Appellant to be cross-examined as part of the proof offered by the appointing authority in establishing its case. Appellant argues that since the burden of proof now rests on the appointing authority pursuant to La.Const.1974, Article 10, Section 8, and Civil Service Rule 13.19(C), an employee may not be cross-examined as part of the proof offered by the appointing authority in presenting its case in chief. We find the argument without merit.
Civil Service Rules have the effect of law. La.Const.1921, Article 14, Section 15.1(8) was retained as an ancillary to La. Const.1974.
Civil Service Rule 13.19(d) and (e) provides:
"(d) Where appropriate and consistent with these Rules, the rules of evidence applicable to civil trials in the district courts of the State shall be observed in all hearings before a referee or the Commission.
"(e) The Commission may require the appellant to give his sworn testimony before hearing any other witness on his behalf, and, if the Commission finds from such testimony that he has no just or legal ground to support his appeal, it may decline to hear or consider any other evidence and thereupon dismiss the appeal."
La.C.C.P. Article 1634 permits any party to litigation to call an adverse party under cross-examination. Rule 13.19(d) and (e), which has the force and effect of law, renders Article 1634, above, applicable in hearings before the Commission. The referee properly allowed Appellant to be crossexamined.
Appellant attempted to show that his use of force was justified as an attempt at self-defense. The Commission resolved this factual matter adverse to Appellant. We find that the content of Appellant's statement, as well as Appellant's testimony at the hearing, supports the finding in this regard.
The judgment of the Commission is affirmed at Appellant's cost.
Affirmed.