COVINGTON, Judge.
This is an appeal of a ruling by the Louisiana State Civil Service Commission upholding the discharge of appellant, Louise C. Sanders, by the Department of Health and Human Resources, East Louisiana State Hospital. We reverse.
*1054 Appellant was employed by DHHR, East Louisiana State Hospital as a Cook I, serving with permanent status. On November 15, 1978, at about 6:30 P.M., she was observed by Harry Bezar, a correctional security officer, carrying two large bags, and upon investigation, it was revealed that they contained hospital food stuff. It is stipulated that appellant attempted to steal 30 eggs from the state hospital. At the time of the investigation, appellant at first lied about the food, but later admitted the attempted theft.
On November 16, 1978, T. N. Armistead, superintendent of the hospital, sent Mrs. Sanders a letter notifying her of her immediate suspension and her dismissal as of the close of business on Friday, November 17, 1978. In the letter of dismissal the reasons stated were -as follows:
“On Wednesday, November 15, 1978, at approximately 6:30 P.M., you were observed by Mr. Harry Bezar, Correctional Security Officer IV, carrying this food stuff through the gate at Forensic. As you were leaving the grounds, Mr. Bezar noticed you were carrying two large bags and upon investigation discovered that they contained two loaves of bread and approximately eight dozen eggs. At that time, you stated the bread had been purchased at the Canteen and the eggs had been given to you by a relative. On Thursday, November 16, 1978, in the presence of witnesses you admitted that you had actually taken this food stuff from the hospital.”
On December 18, 1978, the appellant filed, through counsel, a notice of appeal. As the basis of her appeal, the appellant denied the allegations and asserted that there was no just cause for her dismissal. She also averred that the letter of dismissal was insufficient in that it failed to apprise her of the names of the witnesses against her so as to enable her to prepare her appeal. The appellant also alleged that the penalty was excessive, arbitrary and discriminatory, contending that black employees similarly situated were subject to more severe penalties than white employees and that the penalty of termination has been illegally tainted by racial discrimination. She requested that she be reinstated in full to her position as Cook I, with full back pay and benefits.
After the hearing, the Commission upheld the dismissal of appellant, and appellant appealed.
Appellant has filed in this Court a peremptory exception. Such an exception may be considered by us “if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record.” LSA-C.C.P. art. 2163.
The ground for this peremptory exception is Rule 12.3 of the Civil Service Commission Rules, which requires the appointing authority to furnish the Director a copy of the written letter of termination within 15 days of notification of the employee. The record shows that the letter of termination was dated November 16, 1978. The copy in the record is stamped “Received December 5, 1978, Department of State Civil Service.”
Rules for the State Civil Service Commission have the force and effect of law; LSA-Const. art. 10, § 10(A)(4).
Our Supreme Court, in Boucher v. Division of Employment Security of the Department of Labor, 226 La. 227, 75 So.2d 343 (1954), emphasized the importance of following every such Rule unreservedly. Under the existing pertinent Rule at that time, “[i]n every case of removal, reduction in pay, layoff, demotion, or suspension for a period exceeding 30 days, of a regular employee, the appointing authority or his authorized agent shall furnish the employee and the Director in advance of such action a statement in writing giving explicit and detailed reasons therefor . . . .” (Emphasis added.) That procedure was not followed in that the Director was not furnished with the advance notice. The court found the removal to be improper and illegal.
Although it would appear that this is a hypertechnical application of the Rule, we are obligated to follow it. It is very difficult to see how the employee is preju *1055 diced in any way when notice to the Director is a few days late, as is the case before us. It would seem that only the Director could have cause to complain.
However, to quote from the Boucher opinion, page 345:
“We do not pass on the expediency or wisdom of the law; our responsibility is that when a law is clear and free of ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. LSA Civil Code Article 13.”
In view of the fact that the appointing authority did not comply with the provisions of Rule 12.3, the removal was improper.
Therefore, the judgment is reversed at appellee’s cost and the suit is dismissed.
REVERSED.