WATKINS, Judge.
This is an appeal from a ruling by the State Civil Service Commission that appellant’s appeal was not timely filed.
Appellant was a permanent classified employee in the state civil service, working at the University of New Orleans. There were several complaints by appellant’s supervisors as to the quantity and quality of his work. It was decided that appellant should be terminated.
Appellant makes two contentions which we will consider separately, (1) that the Director of Personnel was not notified of the employee’s discharge within fifteen days after the employee was notified, and (2) that the Civil Service Commission improperly dismissed the appeal as not timely filed.
NOTIFICATION
Appellant contends that because Civil Service Rule 12.3(a)(3) requires that the Director be notified within fifteen days after notice is given the employee, and the Director was not so notified, the attempted discharge of the employee was stricken with nullity. However, a recent decision of the Louisiana Supreme Court in Sanders v. Department of Health & Human Resources, 388 So.2d 768, held that the fifteen days notice requirement was not mandatory, but merely directory, and that a breach of the requirement did not invalidate an attempted discharge. The Court overruled its decision in Boucher v. Division of Employment Security, 226 La. 227, 75 So.2d 343 (1949), insofar as it held contrary to its decision in Sanders. The decision in Boucher held the rule as then worded (when the requirement of notice to the Director was substantially different) was mandatory and one might say sacramental. The Court in Sanders also noted that the discharged employee’s rights in that case were not prejudiced by failure to notify the Director timely. The same may be said of the present case. Accordingly, the discharge was not rendered invalid by failure to notify the Director timely.
TIMELINESS OF APPEAL
Mr. Ainsworth, Executive Assistant to the Director of the Physical Plant, prepared a letter of termination. He gave the letter to Mr. Lemoine, Superintendent of Operation and Maintenance. Mr. Lemoine gave the letter to Mr. Murphy, appellant’s immediate supervisor, who then gave the letter to appellant.
All of the above mentioned supervisors testified that appellant received the letter on May 19, 1978. Appellant claims that he received the letter on May 26. However, there was testimony to the effect that appellant was not at work on May 26. Appellant testified on cross examination that he did not remember when he received the letter. The question of when the letter was given to appellant is one of credibility of the witnesses. Upon a careful review of the entire record, this court agrees with the Civil Service Commission’s finding that appellant received the letter on May 19, 1978.
Appellant filed an appeal with the Commission which was postmarked June 19, 1978. Under Rule 13.12(b), appellant had 30 calendar days in which to appeal. The ,30th day on which the appeal should have been postmarked was June 18, 1978. June 18, 1978, fell on a Sunday. Rule 13.12(b) further states:
“Legal holidays and days on which the office of the Department of Civil Service is closed shall not serve to extend the delay period specified in Sub-section (a) hereof.”
The State Civil Service Commission has the power to adopt reasonable rules of procedure. It has set a 30 day limit on the filing of appeals in Rule 13.12(a)(1) and under Rule 13.12(b) has chosen to count legal holidays if the last day for an appeal *1240 falls on such a holiday. Under Rule 13.12, an appeal is timely if it is received in the Office of the Director of the State Department of Civil Service or postmarked within the time for appeal. These rules are clear and free from ambiguity. Rule 18.12(a)(1) has been held to be constitutional and a reasonable exercise of the constitutional and statutory authority granted to the Commission. Sutton v. Department of Public Safety, 340 So.2d 1092 (La.App. 1st Cir. 1976). We find the refining or defining rule of 13.12(b) to be a similarly reasonable exercise of the Commission’s authority. We can find no evidence in the record that would indicate that a letter could not have been postmarked on a Sunday, or, more particularly, on Sunday, June 18, 1978. Hence, appellant was given his full 30 days period in which to appeal. For these reasons we find that appellant’s appeal to the Civil Service Commission was not timely filed.
For the foregoing reasons, the judgment of the Commission is affirmed at appellant’s cost.
AFFIRMED.