394 So.2d 629 (1980)
Louise C. SANDERS
v.
DEPARTMENT OF HEALTH AND HUMAN RESOURCES, East Louisiana State Hospital.
No. 13143.
Court of Appeal of Louisiana, First Circuit.
December 15, 1980.
Rehearing Denied February 11, 1981.
*630 Mary E. Howell, Howell, Kellogg & Bayer, New Orleans, for appellant.
Otha Curtis Nelson, Sr., Dept. of Health & Human Resources, Baton Rouge, for appellee.
Before COVINGTON, LOTTINGER and COLE, JJ.
COVINGTON, Judge.
This case is before us on remand from the Supreme Court of Louisiana for the purpose of considering the merits of the appeal by Louise C. Sanders, appellant, from a ruling by the Louisiana State Civil Service Commission upholding her discharge from her employment as a Cook I, serving with permanent status, for attempted theft of food from the hospital kitchen.
When the case was originally before us, 383 So.2d 1053 (La.App. 1 Cir. 1980), we felt obligated to follow our Supreme Court's decision in Boucher v. Division of Employment Security of the Department of Labor, 226 La. 227, 75 So.2d 343 (1954); hence, we sustained the appellant's peremptory exception on the ground that the appellant's removal was improper in view of the fact that the appointing authority failed to comply with Rule 12.3 of the Civil Service Commission Rules, which requires the appointing authority to furnish the Director a copy of the written letter of termination within 15 days of notification of the employee. This Rule was not complied with in the instant case.
The Supreme Court granted writs, 384 So.2d 986 (La.1980), and held that Rule 12.-3(a)(3) was merely directory and that the disciplinary action taken should not be invalidated. It was the opinion of the Supreme Court that the requirement that the Director be furnished with notice of the disciplinary action within 15 days of the notification to the employee was not essential to the employee's appeal because the Director no longer performs a substantive function in disciplinary appeals; see Civil Service Rule 15.10(c). The Court then overruled the Boucher case to the extent that it was contrary to its Sanders decision. Our judgment was reversed and the case was remanded to us for further proceedings. Sanders v. Department of Health & Human Resources, 388 So.2d 768 (La.1980).
*631 The record shows that on November 15, 1978, at about 6:30 P.M. the appellant was observed by a correctional security officer carrying two large bags, which upon investigation disclosed that they held hospital foodstuff. At first appellant lied about the stealing of the food, but later admitted the attempted theft. It is stipulated that appellant attempted to steal food from the hospital kitchen.
On November 16, 1978, the hospital superintendent sent Mrs. Sanders a letter notifying her of her immediate suspension and her dismissal as of the close of business on Friday, November 17, 1978. In the letter of dismissal the reasons stated were as follows:
"On Wednesday, November 15, 1978, at approximately 6:30 P.M., you were observed by Mr. Harry Bezar, Correctional Security Officer IV, carrying this food stuff through the gate at Forensic. As you were leaving the grounds, Mr. Bezar noticed you were carrying two large bags and upon investigation discovered that they contained two loaves of bread and approximately eight dozen eggs. At that time, you stated the bread had been purchased at the Canteen and the eggs had been given to you by a relative. On Thursday, November 16, 1978, in the presence of witnesses you admitted that you had actually taken this food stuff from the hospital."
As the basis of her appeal filed on December 18, 1978, the appellant denied the allegations and asserted that there was no just cause for her dismissal. She also averred that the letter of dismissal was insufficient in that it failed to apprise her of the names of the witnesses against her so as to enable her to prepare her appeal. The appellant also alleged that the penalty was excessive, arbitrary and discriminatory, contending that black employees were subject to more severe penalties than white employees similarly situated, consequently the penalty of termination was tainted by racial discrimination. She requested reinstatement to her position as Cook I, with full back pay and benefits. After the hearing, the Commission upheld the dismissal of appellant, and appellant appealed.
At the hearing before the Commission and in her appeal to this Court, appellant concedes that she received proper notice and that the appointing authority had cause for disciplinary action. The gist of the appeal (on remand) resolves itself into two questions: (1) the severity of the penalty, and (2) the discriminatory nature of the penalty.
Under Louisiana Constitution (1974) Article 10, § 12, decisions of the Civil Service Commission are subject to review on appeal on both questions of law and fact. See Petrus v. Guin, 378 So.2d 1016 (La.App. 2 Cir. 1979); Brown v. L.H.H.R.A., Lake Charles Mental Health Center, 346 So.2d 758 (La.App. 1 Cir. 1977).
With regard to the evaluation of evidence, the standards of appellate review of findings of fact in Civil Service Commission cases must necessarily be the same as those which exist with regard to cases arising in the trial courts. The reviewing court must give great weight to the factual conclusions of the trier of fact. Herbert v. Department of Police, 362 So.2d 1190 (La. App. 4 Cir. 1978).
The testimony of the security officer, Harry Bezar, establishes that appellant attempted to steal bread and eggs from the hospital kitchen. When first questioned about the taking of the food, appellant insisted that it was given to her, thus lying about her guilt. No evidence of mitigating circumstances was offered. Connie Wybal, the dietician in charge of the kitchen at the hospital, testified to the problem which the hospital had with theft from the kitchens. The dietician stated that she had recommended that the penalty, in all cases of theft or attempted theft, be termination.
There was some indication that perhaps previous hospital administrations had not been as diligent in protecting state property from theft as they might have been, but the evidence offered on this point is not convincing. Be that as it may, charges of improper conduct, though condoned *632 by an employee's superior, may nevertheless be grounds for disciplinary action brought by a subsequent occupant of the superior position if such charges of improper conduct are the real motive for the disciplinary action. Toms v. Louisiana Health & Human Resources Administration, Division of Management, 349 So.2d 941 (La.App. 1 Cir. 1977), writ denied, 351 So.2d 162 (La.1977); Ragusa v. Department of Public Safety, Division of State Police, 238 So.2d 193 (La.App. 1 Cir. 1970), writ refused 256 La. 885, 239 So.2d 542 (1970). The record is convincing that the improper conduct, i. e., attempted theft, was in fact the real motive for the dismissal in the instant case.
We find from the record that appellant was discharged for cause, meaning conduct which impairs the efficiency of a public service and which bears a real and substantial relation to the efficient and orderly operation of the public service in which the employee is engaged. Hamilton v. Louisiana Health & Human Resources Administration, 341 So.2d 1190 (La.App. 1 Cir. 1977), writ refused 344 So.2d 4 (La.1977).
We also find that the appointing authority has discharged its burden of proving cause for dismissal of the plaintiff. Honesty is essential to the efficient operation of a public institution. Appellant's attempted theft of foodstuffs and her lying about it justify her dismissal.
The decision of the Commission to uphold the termination of appellant by the appointing authority on the basis that her transgression was sufficiently serious to justify dismissal is neither arbitrary nor capricious, and is certainly well within the authority accorded to the Commission by the Constitution. La.Const. (1974) Art. 10 §§ 8 and 12.
Appellant next argues that the termination was discriminatory because of her race or sex, in that similarly situated employees of another race or sex have received "disparate treatment without any rational basis for this differentiation." The evidence does not support this argument. As reflected in the summary sheet in evidence, every employee (whether male or female, black or white) who was involved in theft or attempted theft, either was dismissed, resigned or retired. As recited above, the appellant's supervisor testified that she always recommended termination in such cases, because she considered it the only way to control stealing.
Under Louisiana law, in a proceeding before the Civil Service Commission the employee has the burden of proving discrimination. La.Const. (1974) Art. 10, § 8(B); Bernard v. L.H.H.R.A.-Southwest Charity Hospital of Lafayette, 358 So.2d 653 (La.App. 1 Cir. 1978). We do not believe that the evidence offered herein by appellant is sufficient to meet the plaintiff's burden of proof. We therefore agree with the Commission's determination that she has failed to prove discrimination. See Dore v. Louisiana Health and Human Resources Administration, Division of Family Services, 361 So.2d 229 (La.App. 1 Cir. 1978). Our review of the record fails to reveal any manifest error on the part of the Commission in finding that she failed to prove that her dismissal was due to discrimination. See Cilano v. Department of Employment Security, 356 So.2d 458 (La.App. 1 Cir. 1977).
We find, as did the Commission, that the appointing authority did not err in the exercise of its discretionary judgment of the discipline for this offense. The penalty was not too severe for the offense committed. Petrus v. Guin, supra. We likewise find no inconsistency or discriminatory application of discipline among employees at this institution.
Accordingly, we affirm the opinion and judgment of the Louisiana Civil Service Commission, denying appellant's appeal to the Commission and upholding the termination of appellant by the appointing authority.
Appellant is cast with costs.
AFFIRMED.