413 So.2d 225 (1982)
Allen NEWMAN, Jr.
v.
DEPARTMENT OF FIRE.
No. 12885.
Court of Appeal of Louisiana, Fourth Circuit.
April 7, 1982.
Rehearing Denied May 19, 1982.
Barker, Boudreaux, Lamy, Garnder & Foley, Louis L. Robein, Jr., New Orleans, for plaintiff-appellant.
Charles J. Willoughby, Asst. City Atty., New Orleans, for defendant-appellee.
Before BARRY, AUGUSTINE and WILLIAMS, JJ.
BARRY, Judge.
Plaintiff was disciplined for violating fire department regulations and appeals the affirmance by the Civil Service Commission.
*226 Allen Newman, Jr. was a captain with the New Orleans Fire Department in charge of a ladder company. On October 5, 1980 at 1:30 a.m., after returning from an alarm, Newman and Mordelo Breckenridge, a fire apparatus operator, left the fire house to get something to eat without notifying the other two members of their unit. During their absence of approximately one hour and forty-five minutes the two remaining firemen responded to a call. Their services weren't needed, but on their return to the station house the unit had an accident with an automobile which was investigated by a District Chief who noted the absence of Newman and Breckenridge. A Deputy Chief was notified and he went to the station house and waited for the men to return, questioned them briefly, and suspended both because of their absence from duty.
Newman, appellant,[1] was charged with violating the following regulations of the New Orleans Fire Department:
SECTION 6:01CAPTAIN'S RULES This position is one of the utmost importance in the enforcement of discipline and the promotion and maintenance of efficiency. The Captain shall consider it his duty to set a good example and require that his command measure up to Departmental requirements.
SECTION 11:16GENERAL RULES No person shall leave quarters without permission except when response is made to an alarm.
SECTION 11:29GENERAL RULES Absence or tardiness without proper notification and permission shall be considered as absent without leave and the offender shall be penalized accordingly.
Appellant admitted his absence, said it was to purchase food, and described himself as "stupid" for leaving. After a hearing he was demoted from Captain to Fire Fighter, suspended sixty days, and transferred. The Civil Service Commission affirmed the disciplinary action saying appellant's departure was a grave offense which was compounded because he was the unit's leader. The thrust of appellant's appeal is the excessiveness of his penalty.
Appellee argues the Civil Service Commission was justified in not reducing the penalty and cites Branighan v. Department of Police, 362 So.2d 1221 (La.App. 4th Cir.), writ denied, 365 So.2d 247 (La.1978) which held a penalty cannot be modified without a finding that the penalty did not fit the offense. Appellee stresses the issue is not the disciplinary action, but rather the determination that the penalty was adequately supported because of the gravity of this offense.
There was testimony and general agreement it was customary to allow one fireman to leave quarters to purchase food with permission of the Captain. However, the problem here is that Newman and Breckenridge left without notifying the other members of their company which resulted in their fire truck being undermanned.
Appellant's ladder unit consisted of four men and was housed with an engine unit which also had four men. The District Chief testified it was permissible for one man to leave to buy food and the minimum personnel for a ladder truck was three firemen. He recalled, however, occasions when the ladder truck functioned with only two men, and also stated this company (ladder and engine units) had been in service together with only five men. The Superintendent testified three men was the minimum to operate the ladder truck; however, he stated it could operate with two firemen and admitted it happened, though rarely. He also said personnel with the engine unit could fill a vacant slot if the ladder unit was short and it was policy for one man, usually a firefighter, to get food but not to take more than one hour. Interestingly, the Superintendent was questioned if, in assessing appellant's discipline, he considered *227 rumors this fire company had engaged in illicit activities, and he responded "I may have" and added he thought perhaps something was "going on" which caused appellant to be absent. A member of the ladder company testified he was a fireman for eighteen years. He said during this time the ladder truck operated with only two men and it was common procedure to get an extra man from the other unit when needed.
From this record it appears appellant's primary mistake was leaving the company house without notifying the other members of his unit or the engine unit. The testimony clearly shows men from each unit are routinely interchanged to fill a vacancy. Most importantly, this engine and ladder company had a combined strength of six which was sufficient to function during appellant's absence.
Decisions of the Civil Service Commission are subject to review on questions of law and fact. LSA-Const. Art. 10, § 12. The scope of review is the same as in other civil matters, i.e., the appeal court must give great weight to factual conclusions of the trier of fact. Sanders v. Department of Health and Human Resources, 394 So.2d 629 (La.App. 1st Cir. 1980), writ denied 399 So.2d 602 (La.1981). The burden of proof on appeal, as to the facts, shall be on the appointing authority. LSA-Const. Art. 10, § 8(A). Therefore, the appointing authority must show by a preponderance of the evidence that the conduct of the disciplined employee did in fact impair the efficiency and orderly operation of the public service, otherwise the action is arbitrary and capricious. Thornton v. D.H.H.R., 394 So.2d 1269 (La.App. 1st Cir. 1981), Sanders, supra.
The Superintendent of Fire does not have unbridled power to administer his department even though the department's administrative structure and command responsibility are similar to a military unit. The Superintendent must exercise discretion when disciplining men under his jurisdiction, and there must be sufficient cause commensurate with the offense.
Any change in a disciplinary action can only be based on insufficient cause shown by the appointing authority. The Civil Service Commission's authority over disciplinary cases includes authority to modify as well as reverse or affirm a penalty. Bernard v. Louisiana Health and Human Resources, 336 So.2d 55 (La.App. 1st Cir. 1976).
Whether the Civil Service Commission erred by not reducing appellant's penalty is strictly a question of fact. A penalty cannot be modified without a finding that the greater penalty did not fit the offense. Branighan, supra. In other words, was the demotion, suspension, and transfer too severe.
Appellant was charged with "... leaving quarters without permission ..." which the Superintendent characterized as "abandonment". We disagree that appellant's absence constituted abandonment. There is no evidence appellant intended to leave without returning, only that he left for a period of time longer than the customary one hour. He admittedly left his quarters "without permission," but the department's rules only require that permission be secured which he was authorized to give. Appellant was at fault when he left without notifying the other members of his company, but we feel this error in judgment does not justify the severe penalty which is clearly excessive under these facts.
What concerns us is appellant's unblemished nineteen year career with the Fire Department, the last ten years as Captain. His performance ratings exceeded the department's requirements and the Superintendent described him as intelligent, experienced, knowledgeable and committed. The effect of the demotion will be a substantial reduction in pay and resultant loss of pension benefits. Appellant argues, and we agree, promotional opportunities will be drastically, if not totally, eliminated.
We feel the cause of appellant's discipline was insufficient to justify such a harsh penalty. The penalty was extreme, drastic, *228 and disproportionate to the offense. Appellant's isolated poor judgment merits the sixty day suspension, which we affirm. His demotion is clearly excessive, is reversed and it is ordered that Allen A. Newman be reinstated to his position as Captain retroactive to December 4, 1980 with back pay and other benefits from that date. Transfer of appellant is within the sound discretion of the Superintendent. Appellee to pay all costs of appeal.
REVERSED IN PART; AFFIRMED IN PART.
NOTES
[1] Breckenridge was charged with violating Sections 11:16 and 11:29. He testified Captain Newman gave him permission to leave their unit and since this supplied compliance with the rule the Civil Service Commission rescinded his suspension and reinstated him to Fire Apparatus Operator.