834 So.2d 470 (2002)
John JAMES
v.
LSU HEALTH SCIENCES CENTER MEDICAL CENTER OF LOUISIANA AT NEW ORLEANS.
No. 2001 CA 1853.
Court of Appeal of Louisiana, First Circuit.
November 8, 2002.
Rehearing Denied December 19, 2002.
*471 Archie C. Tatford, Jr., New Orleans, for Plaintiff, Appellant John James.
Philip H. Kennedy, New Orleans, for Defendant/Appellee LSU Health Sciences Center Medical Center of Louisiana at New Orleans.
Before: FITZSIMMONS, GUIDRY, and PETTIGREW, JJ.
PETTIGREW, J.
John James appeals from a decision rendered by the Civil Service Commission ("Commission"), which denied his request for an appeal to that body as moot. Finding error in the Commission's decision, we reverse in part and remand for further proceedings.

FACTS AND PROCEDURAL HISTORY
Appellant, John James, was employed by the Louisiana State University Health Sciences Center, Medical Center of Louisiana at New Orleans ("Medical Center"), as an operating engineer foreman and was serving with permanent status. On April 22, 1998, Mr. James was terminated from his position for disciplinary reasons.
*472 Thereafter, Mr. James filed an appeal, bearing Appeal No. S-13122, which was granted by a Civil Service Commission Referee by decision dated August 19, 1999, based upon a procedural issue. Subsequent to this decision, Mr. James presented himself for work and submitted an affidavit as to his wages and other compensation as required by Civil Service Rules. However, Mr. James was not reinstated at that time because the Medical Center elected to seek review of the Referee's decision. In a decision rendered on December 10, 1999, the Commission denied the Medical Center's application for review, whereby the Referee's decision became final.
On December 14 and 15, 1999, Mr. James again presented himself for work with another affidavit as to his wages and compensation. However, at that time, Mr. James was neither reinstated to his prior position nor paid the wages due to him. Rather, Mr. James was re-terminated effective February 23, 2000.[1] By letter dated January 14, 2000, Mr. James requested an appeal of the Medical Center's non-compliance with the Referee's decision in refusing to reinstate Mr. James and failing to pay him wages due.
On March 14, 2000, subsequent to the filing of his appeal, Mr. James was paid wages by the Medical Center for the period April 22, 1998 through February 23, 2000. A hearing on Mr. James' appeal was held on February 12, 2001, and in a decision rendered on February 21, 2001, Civil Service Commission Referee Donald J. Cicet denied Mr. James' appeal as moot in accordance with Civil Service Rule 13.14(a). Thereafter, Mr. James sought review from the Commission, which denied his request on April 6, 2001. Mr. James now appeals from this decision and asserts as his sole assignment of error that the "Civil Service Referee and the Civil Service Commission erred in allowing the Appointing Authority to violate and ignore Civil Service Rule 13.38 by not returning [him] to his permanent classified Civil Service position on December 14, 1999, when [he] presented himself for work in full compliance with Civil Service Rule 13.38."

STANDARD OF REVIEW
On appeal, factual determinations of the Commission or a referee should be given great weight and should not be reversed unless clearly wrong or manifestly erroneous. Marcantel v. Department of Transportation and Development, 590 So.2d 1253, 1255 (La.App. 1 Cir.1991) (citing Walters v. Department of Police of the City of New Orleans, 454 So.2d 106, 113 (La.1984)). Additionally, decisions or actions of the Commission or a referee should not be reversed unless they are arbitrary, capricious, or an abuse of discretion. Marcantel v. Department of Transportation and Development, 590 So.2d at 1255. However, with respect to the Commission's decisions as to jurisdiction, procedure, and interpretation of laws and regulations, the judicial review function is not so limited. Marcantel v. Department of Transportation and Development, 590 So.2d at 1256. Rather, the court performs its traditional plenary functions and applies the "error of law" standard. See Marcantel v. Department of Transportation and Development, 590 So.2d at 1256; see also Walters v. Department *473 of Police of City of New Orleans, 454 So.2d at 113.

DISCUSSION
In his February 21, 2001 decision, Referee Cicet correctly notes that because the referee's decision in Appeal No. S-13122 concerning Mr. James' termination was based upon a procedural issue and not on the merits, the appointing authority was entitled to use the same alleged misconduct by Mr. James as the basis for further disciplinary measures. See Anderson v. Division of Employment Security of Department of Labor, 233 La. 694, 98 So.2d 155 (1957); Louviere v. Pontchartrain Levee District, 199 So.2d 392 (La.App. 1 Cir.1967); Allen v. DHHR, Ruston State School, 426 So.2d 234 (La. App. 1 Cir.1983); Butler v. Dept. of Health & Human Resources, Office of Family Security, 432 So.2d (La.App. 1 Cir.1983); Appeal of Kennedy, 442 So.2d 566 (La. App. 1 Cir.1983).
According to Louisiana jurisprudence, a moot case is one which, when rendered, can give no practical relief. Courts will not rule on questions of law that have become moot since their decree will serve no useful purpose and will afford no practical relief. Khosravanipour v. Department of Transportation and Development, XX-XXXX-XXXX, p. 7 (La.App. 1 Cir. 10/7/94), 644 So.2d 823, 826, writ denied, 94-2729 (La.1/6/95), 648 So.2d 930. So the issue in our case at hand is whether Mr. James' claims are now moot in that no further relief can be granted.
In the instant case, Mr. James contends that the Medical Center's payment of wages owed does not render his case moot. In support of his assertion, Mr. James relies on Civil Service Rule 13.38, which he states requires the Medical Center to not only pay him for wages due, but also to reinstate him to the position he held prior to termination. Civil Service Rule 13.38 requires that the employee "shall present himself ready for work at the time and place of his employment as it existed prior to the separation [and] shall be returned by the appointing authority to the regular payroll at that time." (Emphasis added.) A plain reading of Civil Service Rule 13.38 required the appointing authority to return Mr. James to the regular payroll. This was never done by the appointing authority.[2]
The Medical Center subsequently paid Mr. James for wages due from April 22, 1998 until the effective date of his re-termination on February 23, 2000. However, this payment did not occur until March 14, 2000, subsequent to the filing of Mr. James' appeal of January 14, 2000, wherein he requested an appeal of the Medical Center's non-compliance with Referee Cicet's decision, which became the Commission's final decision on December 10, 1999. The voluntary payment of a sum due and owing without any reservation of rights is an acknowledgment of the debt owed and an admission of liability. See Chinn v. Mitchell, 98-1060, p. 4 (La.App. 1 Cir. 5/14/99), 734 So.2d 1263, 1266, writ denied, 99-1772 (La.7/2/99), 747 So.2d 7. Moreover, Civil Service Rule 13.38 requires that "the appointing authority shall deliver to the office responsible for the actual disbursement of the funds representing the back pay due a request for such disbursement." This was not done in the instant case. Upon presenting himself for employment on December 14 and 15, the appellant submitted an affidavit as to *474 his wages and other compensation as required by Civil Service Rules. There was no evidence introduced that this affidavit was incorrect; yet the appellant was not paid any wages until after he was forced to take action through this appeal.
With regard to the issue of attorney fees, Civil Service Rule 13.35 provides, in pertinent part, as follows:
When the Commission ... renders a decision, including a decision on application for review, which reverses or modifies an action that has been appealed, the appellee may be ordered to pay attorney's fees in an amount not to exceed $1500.
In his decision dated February 21, 2001, Referee Cicet concluded that attorney fees were not warranted because there was no order reversing or modifying any action of the agency. A review of the record in this case reveals that Mr. James challenged his original termination and was ordered reinstated to his position as a result of a decision issued in Appeal No. S-13122. The appointing authority failed to comply with the order and has failed to comply with its own rules. The subsequent voluntary payment of back pay due Mr. James by the Medical Center was an acknowledgment of the debt owed. Due to the Medical Center's inaction and failure to comply with the Commission's order that Mr. James be reinstated, Mr. James was compelled to file an appeal to protect his rights. Accordingly, Mr. James is entitled to reasonable attorney fees in an amount not to exceed $1,500.00.
We therefore find that Referee Cicet and the Commission erred, and were arbitrary and capricious, in dismissing Mr. James' claim for attorney fees. Thus, we reverse that part of the decision and remand this matter for a contradictory hearing to determine the amount of attorney fees owed to Mr. James.

CONCLUSION
For the foregoing reasons, we reverse the decision of the Civil Service Commission in so far as attorney fees were not awarded. This case is remanded for a contradictory hearing to determine the amount of attorney fees due Mr. James. All costs associated with this appeal are to be borne by the defendant/appellee, LSU Health Sciences Center, Medical Center of Louisiana at New Orleans.
REVERSED IN PART AND REMANDED.
GUIDRY, J., concurs in part, dissents in part, and assigns reasons.
GUIDRY, J., concurring in part and dissenting in part.
I concur in the majority opinion to the extent that it implicitly finds no error in the Commission's determination that Mr. James' claims for reinstatement and payment of wages due were rendered moot by the subsequent re-termination and payment of wages by the Medical Center.
I respectfully dissent from the portion of the majority opinion, which finds that Referee Cicet and the Commission erred and were arbitrary and capricious in dismissing Mr. James' claim for attorney's fees. According to Civil Service Rule 13.35(a), the appellee may be ordered to pay attorney's fees, in an amount not to exceed $1,500, when the Commission renders a decision, including a decision on application for review, which reverses or modifies an action that has been appealed. The action of the Medical Center that was appealed concerned its failure to return Mr. James to his prior position and pay him wages due. However, the majority opinion does not purport to reverse or modify either of these actions of the Medical Center. Rather, the justification for such an award *475 centers on the inaction of the Medical Center and its non-compliance with the Commission's prior order. While these may be compelling reasons to assess a penalty for contempt,[1] they do not support an award of attorney's fees based on the plain reading of Civil Service Rule 13.35(a). For this reason, I respectfully dissent from that portion of the majority opinion awarding attorney's fees.
NOTES
[1] The record indicates from the time Mr. James presented himself for work on December 14 and 15, 1999, the Medical Center intended to and in fact sought to re-terminate Mr. James, as the prior attempt to terminate failed solely due to procedural errors. The delay in effectuating the re-termination resulted from difficulty in scheduling a pre-deprivation conference with Mr. James.
[2] We note that although Mr. James was required to present himself ready for work in the position he held prior to his termination, Civil Service Rule 13.38 does not require that he be reinstated to that specific position.
[1] At issue in the instant case is Civil Service Rule 13.38, which, in addition to the mandates discussed in the majority opinion, also provides that "the appointing authority shall otherwise comply with the orders contained in the decision [of the Commission]." Civil Service Rule 2.11(h) addresses the effect of non-compliance with an order by including within its definition of contempt the "[f]ailure of any person to comply with any order or directive of the Commission unless stayed by a Court of proper jurisdiction." After trial on a rule to show cause, which rule may be issued by the Commission, referee, or director on its own motion, a person adjudged guilty of contempt may be ordered to pay a fine of not more than $500.00 into the General Treasury of the State of Louisiana. See Civil Service Rule 2.12(b) and 2.13.