PONDER, Judge.
Plaintiff appeals from a judgment of the Civil Service Commission upholding his demotion.
The issues are: the sufficiently of notice to plaintiff of one of the charges against him, legal cause for his demotion, alleged violation of his First Amendment rights to free speech, and exclusion of evidence by the Civil Service Commission.
We affirm.
Plaintiff was demoted for violation of various procedural rules and regulations of the Department of Public Safety based upon the following incidents:
1. While attending a law enforcement class at Louisiana College, plaintiff made an unsolicited talk on the suspension and indictment of his superior officer and friend, expressing his personal support for his friend and criticizing the district attorney, the grand jury and the investigation.
2. Plaintiff lent his assigned state vehicle to another trooper for his personal use while aware that the trooper had been restricted to “duty use”.
3. Plaintiff accepted the use of a rent-free apartment in an apartment complex for a year in exchange for opening and *160 closing the swimming pool. A procedural order required written permission for outside employment.
Plaintiff claims that charge “1”[1] of his letter of demotion did not give him sufficient notice as required by Rule 12.3 of the Civil Service Commission.[2]
We find the allegations contained in the demotion letter are sufficient to give plaintiff adequate notice of the charge against him. Shelfo v. LHHRA, Pinecrest State School, 361 So.2d 1268 (La.App. 1st Cir. 1978), writ denied La., 364 So.2d 122.
Plaintiff asserts that the content of his speech is not legal cause for his demotion. While there is conflicting testimony as to the substance of plaintiff’s remarks, the Civil Service Commission found that plaintiff, in a public classroom “... in the very least, cast doubt on the credibility of the State Police investigations, the actions of his superior officers, and the Grand Jury in the case of Ronald Stephens, which had not come to trial.” We find no manifest error.
Plaintiff contends that the demotion based on his speech is a violation of his First Amendment right to free speech. He claims Procedural Order No. 505.2, Section 1, Subsection B, Paragraphs 12 and 15, supra, are constitutionally overbroad and *161 vague. Plaintiff cites Flynn v. Giarrusso, 321 F.Supp. 1295 (E.D.La.1971) in support of this contention.
In that case the court held unconstitutionally overbroad and vague very similar regulations of the New Orleans Police Department. Since that time, however, the United States Supreme Court has declined to find overbroad and vague language which sets out prohibitions on the activities and speech of public employees “.. . in terms that the ordinary person exercising ordinary common sense can sufficiently understand and comply without sacrifice to the public interest.” United States Civil Service Commission v. National Association of Letter Carriers, AFL-CIO, 413 U.S. 548, 93 S.Ct. 2880, 2897, 37 L.Ed.2d 796 (1973); Arnett v. Kennedy, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974).
We believe the challenged regulations reasonably apprise a person of the behavior expected of him, and therefore not unconstitutionally overbroad and vague.
Plaintiff claims the Commission erred in excluding evidence offered to show the loan of his state automobile was authorized by certain departmental exceptions. We feel his claim has merit. The record shows the loan was acknowledged as an exception by plaintiff’s superiors. For this reason the loan does not constitute cause for demotion.
Plaintiff contends the use of a rent-free apartment for a year in exchange for opening and closing the swimming pool was not employment so as to necessitate obtaining written permission. There is conflicting testimony as to plaintiff’s duties at the apartment complex. Although the Civil Service Commission is not bound by technical rules of evidence, only legally competent evidence can be considered by this court on review, Messer v. Department of Corrections, Louisiana State Penitentiary, 358 So.2d 975, (La.App. 1st Cir. 1978). Because the manager of the apartment was not a party to the agreement between plaintiff and the owner, we find her testimony as to plaintiff’s duties should not be considered. Even absent this testimony, however, we find an arrangement whereby a state trooper receives a rent-free apartment in an apartment complex in exchange for even minimal duties constitutes employment. By his own admission, plaintiff stated he would have stopped an altercation at the apartment if called upon. Even the checking and closing of the swimming pool has a relationship to security. We agree his failure to obtain written permission for this employment is legal cause for his demotion.
Plaintiff’s final contention that the demotion was based on his political beliefs or prompted by his friendship with former Captain Ronald Stephens is not supported by the evidence.
For the above reasons, the judgment of the Civil Service Commission is affirmed at appellant’s costs.
AFFIRMED.

. “1. On October 17, 1978, while acting in your capacity as a Sergeant with the Louisiana State Police, you attended a class being conducted on the subject of ‘police community relations’. Other persons were in attendance, including law enforcement officers from other jurisdictions, not connected with the Office of State Police, Department of Public Safety.
“Prior to this date you were well aware of an ongoing investigation being conducted by various law enforcement agencies into certain activities of Troop ‘E’ personnel, your assigned Troop. Furthermore, you were aware of disciplinary action having been taken against Captain Ronald Stephens, in the form of a suspension, and the appointment of an ‘acting Captain’ at Troop ‘E’. Also, you were aware of pending criminal indictments against Captain Stephens, those indictments having been returned by a properly impaneled Grand Jury, acting in and for the Parish of Rapides, State of Louisiana.
“However, and despite complete knowledge of the foregoing, while in attendance at this class in public forum, you decided upon your own volition, to address the class regarding these circumstances. Your comments were explicitly directed toward the above, and were couched in terms of your total disbelief of their substance and that they should not have transpired, because they were done to further ‘personal vendettas’. Other comments were made, too voluminous to mention herein, but including comments about District Attorneys, Grand Juries, fellow officers of Troop ‘E’, all of a derogatory and disrespectful nature.
“These impromptu remarks, regardless of motive or intention, are not in the best interest of the Office of State Police, Department of Public Safety.
“In an interview with the Internal Affairs Unit of the Office of State Police, conducted on November 1, 1978, you confirmed the above factual incident.
“Due to this, I find you have violated the following procedural rules and regulations of the Department:
“A. Procedural Order Number 505.2, Section I, sub-section B, Paragraph 2, which states:
‘No member of the State Police shall interfere with an official investigation or with the operations of discipline of the Office of State Police.’
“B. Procedural Order Number 505.2, Section I, Sub-section B, Paragraph 3, which states:
‘All members of the State Police shall treat as confidential the official communications and business of the State Police.’
“C. Procedural Order Number 505.2, Section I, Sub-section B, Paragraph 12, which states:
‘Members shall at all times, either on duty or off-duty, conduct themselves in a manner so as not to discredit themselves or reflect discredit upon the Louisiana State Police.’
“D. Procedural Order Number 505.2, Section I, sub-section B, Paragraph 15, which states:
‘No member of State Police shall directly or indirectly criticize or ridicule an official action of any member of State Police. Neither shall they criticize, directly or indirectly, the action or orders of any state official judge, or magistrate.’ ”

. Civil Service Commission Rule 12.3:
“In every case of removal, demotion or reduction in pay for cause of a permanent employee the appointing authority or his authorized agent shall furnish to the employee at the time such action is taken, or prior thereto, a statement in writing giving detailed reasons for such action. The appointing authority shall furnish the Director a copy of such statement within 15 calendar days of the date the employee is notified.”