BAILES, Judge.
The sole issue herein is whether the appellant’s appeal to the State Civil Service Commission of termination from his employment by the appointing authority, the Charity Hospital of Louisiana at New Orleans, should be dismissed.
The Commission ruled that the appeal by the employee, Phillip Ducote, had not been timely noticed, granted the motion to dismiss, and accordingly, dismissed the appeal.
Pretermitting the efficacy of the appointing authority’s notice of dismissal or termination of the appellant, Phillip Ducote, from the notice of dismissal in the record before us, we cannot determine whether the notice of dismissal was manually delivered or mailed to the appellant, if indeed either was done.
The notice of dismissal to which reference is made above appears to be a form of the Louisiana Department of Employment Security, titled, Separation Notice Alleging Disqualification, and is designated as Form LDES 77. On this form appears the following certification over the signature of the personnel officer of the appointing authority:
“I certify that the worker whose name and number appear above has been separated from work and that the above information is true and correct. I further certify that the individual named above has been handed or mailed a copy of this notice.”
Chapter 12, Disciplinary Actions, Separations, and Layoff, of the Rules of the Civil *180 Service Commission prescribes the following action on the part of the appointing authority, and specifically Rule 12.3 Procedure in Adverse Actions for Cause, Except Suspensions, provides:
(a) In every case of removal, demotion, or reduction in pay for cause of a permanent employee, the appointing authority or his authorized agent shall:
1. Furnish to the employee at the time such action is taken, or prior thereto, a statement in writing givr ing detailed reasons for such action.
* sfc * if sfc *
(b) A written statement to which reference is made in the preceding paragraph shall be deemed furnished to the employee
1. Upon actual receipt by, or manual delivery to, the employee or to any resident of suitable age and discretion of the employee’s domicile, or
2. On the seventh day subsequent to the day on which an appointing authority establishes that it was deposited in the United States Mail, with proper postage affixed, and addressed to the employee at his last known address as furnished to the appointing authority at the time of employment, or as changed by the employee in writing.
From the provisions of Rule 12.3(b) 1. it is clear that the written statement giving detailed reasons for the dismissal may be manually delivered or hand delivered to the employee or to any resident of suitable age and discretion of the employee’s domicile. No proof was offered by the appointing authority that the written statement (notice of dismissal) was manually delivered to either the employee or to any resident of the employee’s domicile. Rule 12.3(b) 2. provides for an alternative mode of delivery of the written statement. This alternative is by depositing the written statement (notice of dismissal) in the United States Mail, with proper postage affixed and addressed to the employee at his last known address as furnished to the appointing authority at the time of employment, or as changed by the employee in writing. Under this mode, the written statement shall be deemed furnished to the employee on the seventh day subsequent to the date the appointing authority established that it was mailed as above provided. No proof was offered by the appointing authority that it had complied with Rule 12.3(b) 2.
Rule 13.12 Delay for Making Appeal, provides, inter alia, that no appeal shall be effective unless written notice of the appeal is received in the office of the Director of the State Department of Civil Service at Baton Rouge, Louisiana, or is addressed to the Director and is dated by the United States Post Office within thirty (30) days after the date on which appellant received written notice of the action on which the appeal is based. This written notice receipt of which commences the tolling of the 30-day appeal period is the written notice mandated by Rule 12.3 quoted above.
Inasmuch as the record contains no proof of compliance by the appointing authority with the requirements of Rule 12.3 we find no basis for commencing the tolling of the thirty (30) day period for the appeal as provided in Rule 13.12.
Accordingly, the judgment of the Civil Service Commission dismissing this appeal is reversed.
REVERSED.