387 So.2d 1274 (1980)
Roger v. PAILET
v.
OFFICE OF HEALTH SERVICES AND ENVIRONMENTAL QUALITY, DEPARTMENT OF HEALTH AND HUMAN RESOURCES.
No. 13435.
Court of Appeal of Louisiana, First Circuit.
June 9, 1980.
Julian Murray, Murray, Murray, Ellis, Braden, & Landry, New Orleans, for appellant.
Frank H. Perez and Joseph A. Donchess, Baton Rouge, for appellee.
Before EDWARDS, LEAR and WATKINS, JJ.
EDWARDS, Judge.
Plaintiff, Roger V. Pailet, appeals a Louisiana State Civil Service Commission decision dismissing as untimely his appeal of a suspension by the Office of Health Services and Environmental Quality, Department of Health and Human Resources. We reverse.
Pailet, the Public Health Program Administrator for Jefferson Parish, was indefinitely suspended without pay but for a period not to exceed ninety days on November 8, 1978, by letter from J. T. Hamrick, M.D., Acting Assistant Secretary and Director of Local Health Services, Department of Health and Human Resources, hereinafter DHHR.
*1275 On November 22, 1978, pursuant to Civil Service Rule 12.2(a),[1] Pailet was mailed detailed written reasons for his suspension. Those reasons, which plaintiff received on November 25, included:
1. repeated and extensive lateness for work;
2. repeated and intentional falsification of work records;
3. fraudulent acceptance of pay for work not done;
4. intentional falsification of travel vouchers;
5. administrative intimidation of personnel;
6. inciting personnel to violence;
7. permitting unofficial overtime/compensatory time in contravention of specific directives;
8. continuing insurance coverage on inoperative vehicles;
9. negligently allowing the destruction of public property.
The final two charges were made based on information discovered after plaintiff's suspension. In addition, Pailet was
"expressly advised that there may well be additional allegations, charges and/or disciplinary action brought against you as a result of our continuing and extensive investigation. Nevertheless, as required by the Civil Service Rules, we are furnishing you in this letter with as much details as we presently have, which form the basis of and requires that your suspension without pay continue for the duration of the investigation. Additional time is needed to complete the investigation and reach a final determination in your case."
On December 19, 1978, plaintiff appealed his suspension to the Civil Service Commission, hereinafter CSC.
DHHR filed a Motion for Summary Disposition of Appeal on February 22, 1979. The gravamen of DHHR's motion was that plaintiff had failed to comply with Civil Service Rule 13.12(a).[2]
At the CSC hearing on the motion, counsel for plaintiff contended that the appeal was indeed timely inasmuch as it was filed less than thirty days after plaintiff received the written reasons for his suspension. Counsel urged that the thirty days for appeal permitted by Civil Service Rule 13.12(a) only commenced to run on November 25, 1978, and not on November 8, because until November 25, plaintiff had no grounds on which to prepare an appeal. This argument availed nothing since on April 12, 1979, the CSC issues its opinion granting DHHR's motion for summary disposition and dismissing plaintiff's appeal of his suspension.
Plaintiff filed an application for appeal to the Court of Appeal, First Circuit, on May 11, 1979. Three days later, and resulting from an extensive discussion of the matter by CSC members together with general counsel, the CSC issued ex proprio motu an "Amended Opinion." The judgment of April 12, 1979, was reversed and DHHR's *1276 motion for summary disposition was denied. Plaintiff, therefore, voluntarily withdrew his application for appeal on the ground there was no need for one, issue having been decided in his favor.
On May 30, 1979, DHHR sought supervisory writs from the First Circuit. Certiorari was granted and, on August 22, 1979, based on an interpretation of Civil Service Rules 13.14(e) and 13.33(b),[3] the "Amended Opinion" of May 14,1979, was annulled and the judgment of April 12, 1979, was reinstated. Pailet v. Office of Health Services and Environmental Quality, Department of Health and Human Resources, No. 12,917 (La.App. 1st Cir. 1979).
Plaintiff, through counsel, refiled his appeal to the First Circuit Court of Appeal on August 27, 1979. By letter dated September 6, 1979, R. Gray Sexton, General Counsel to the CSC, notified plaintiff's counsel that the CSC considered this appeal timely and was preparing a transcript for the Court of Appeal.
Notwithstanding these developments, on September 28, 1979, DHHR filed a Motion to Dismiss Unlodged Appeal. DHHR contended that since the April 12, 1979, judgment had been declared to be the final decision of the CSC, and since no timely appeal from that judgment remained extant, the unlodged appeal sought to be reinstated on August 27 should be dismissed. This argument was rejected and the motion to dismiss denied on the ground that the original granting of the motion for summary disposition did not become final until reinstated by this court on August 22,1979. Pailet v. Office of Health Services and Environmental Quality, Dept. of Health and Human Resources, 379 So.2d 266 (La.App. 1st Cir. 1979). DHHR's request for a rehearing was denied on December 27,1979, and the Louisiana Supreme Court denied writs on February 15, 1980. 380 So.2d 102.
In its present posture, this case presents a single issue-whether Pailet's appeal to the CSC from his suspension of November 8, 1979, was timely or not.
DHHR urges that plaintiff's thirty day period for appeal began to run with his notice of suspension on November 8, 1978. Pailet maintains that it began on November 25, 1978, when he received the reasons for suspension. Since we have been unable to find any cases on point, the issue appears to be res nova.
For several reasons, we find Pailet's thirty-day delay for appeal began on November 25, 1978, and that his original appeal was therefore timely.
Civil Service Rule 12.3[4] contains the procedure for all adverse actions for cause, *1277 except suspensions. The rule clearly aims to provide all those who have suffered from adverse determinations thirty days to prepare their appeal. Even though Rule 12.2, supra, provides a separate procedure for suspensions, nothing indicates that those suffering suspensions, a penalty less drastic than removal, should have a lesser time to appeal than those merely being reprimanded. It is obvious that the separate procedure for suspensions is to provide supervisors with a vehicle for on-the-spot, rather than carefully considered, disciplinary decisions. The delay of fifteen days for providing written reasons which Rule 12.2 allows is not meant to slice a suspended employee's appeal time in half but to give a suspending authority time to fully explain his actions.
In Powell v. City of Winnfield Fire and Police Civil Service Board, 370 So.2d 109 (La.App. 2d Cir. 1979), the court stated that the purpose of provisions requiring reasons to be given to adversely affected employees
"is to afford due process to the employee under civil service so that he might know with reasonable particularity the facts and circumstances he may be called upon to rebut in case his employer makes out a prima facie case against him before the Board to whom he has the right of appealing for an investigation and a full hearing."
Numerous cases repeat this principle and hold that an employee must be provided with the details of his alleged offense. Warrendorff v. Department of Safety-Fire Division, 378 So.2d 534 (La. App. 4th Cir. 1979); Dumez v. Houma Municipal Fire & Police Civil Service Board, 365 So.2d 603 (La.App. 1st Cir. 1978); Shelfo v. LHHRA, Pinecrest State School, 361 So.2d 1268 (La.App. 1st Cir. 1978), writ denied 364 So.2d 122 (La.1978); Michel v. Department of Public Safety, Alcoholic Beverage Control Board, 341 So.2d 1161 (La.App. 1st Cir. 1976), writ denied 343 So.2d 1078 (La.1977). When an employee has not been provided with proper notice, the delay for appeal will not commence to run, Ducote v. Louisiana Dept. of Health and Human Resources, 369 So.2d 179 (La.App. 1st Cir. 1979), and the notice provided must not be so short of details as not to amount to notice. Circumstances giving rise to the action should be alleged in detail. Cilano v. Department of Employment Security, 356 So.2d 458 (La.App. 1st Cir. 1977).
In the present case, Pailet was not provided with detailed reasons for his suspension until November 25, 1978. Thus, he did not receive real notice of his alleged offenses and was not able to prepare a defense until that date.
Our position on this matter is buttressed by the fact that the CSC, on reconsideration, also found no real notice had been given until November 25, 1978, and attempted to amend its original opinion to so indicate.
Roger Pailet was suspended after twenty-nine years of service. Serious allegations have been made against him and he has made serious countercharges against the suspending official. Plaintiff has an employment interest of which he cannot be deprived without due process.
Legros v. Department of Public Safety, Division of State Police, 364 So.2d 162 (La. App. 1st Cir. 1978), writ denied 366 So.2d 562 (La.1979), noted that the CSC is a quasi-judicial body and so long as its rules are reasonable and do not violate basic constitutional rights, they must be recognized and enforced by the courts.
We agree with the court in Legros and note that to follow DHHR's interpretation of the Civil Service Rules would result in a shortened period of appeal only for those employees who had been suspended. In addition, the resulting fifteen day delay for appeal would be manifestly insufficient to permit a suspended employee to defend numerous and complex charges such as were made against plaintiff. For appeal purposes, plaintiff would have been better off had he been dismissed and not merely suspended. This court will not countenance such a violation of basic due process rights.
DHHR has fought relentlessly to deny an employee of twenty-nine years any appeal whatsoever. Appeals, including those involving *1278 Civil Service matters, are favored. Odom v. City of Minden, 281 So.2d 117 (La.1973). Our decision today clarifies the Civil Service Rules insofar as appeals are concerned, insures procedural due process in this case, and allows Roger V. Pailet an appeal to the Civil Service Commission.
We hold that when an employee protected by Civil Service is suspended, the thirty day delay for appeal does not commence to run until notice sufficient to constitute notice under Civil Service Rule 12.3 is furnished him.
For the foregoing reasons, the Civil Service Commission decision of April 12, 1979, is annulled and reversed. The case is remanded to the Civil Service Commission for hearing. All costs of these proceedings, before both the Civil Service Commission and this court, are to be paid by DHHR.
REVERSED AND REMANDED.
NOTES
[1] 12.2 Suspensions.

(a) "Any employee who is suspended without pay shall be so notified by his appointing authority on or before the effective date of the suspension. Each permanent or probationary employee so suspended shall be furnished detailed reasons therefor in writing within fifteen calendar days following the effective date of the suspension. A copy of such detailed reasons shall be furnished to the Director."
[2] 13.12 Delay for Making Appeal.

(a) "No appeal shall be effective unless a written notice complying with the requirements of Rule 13.11 is either (i) received in the office of the Director of the State Department of Civil Service at Baton Rouge, Louisiana, or (ii) is addressed to the Director of the State Department of Civil Service at Baton Rouge, Louisiana, with proper postage affixed, and is dated by the United States Post Office.
1. Within thirty (30) calendar days after the date on which appellant received written notice of the action on which the appeal is based when written notice before or after the action is required by these Rules; or
2. Within thirty (30) calendar days after the date when appellant learned or was aware that the action complained of had occurred when no written notice is required by these Rules or, if required, was given tardily or not at all."
[3] 13.14(e)

"When the Commission disposes summarily of an appeal, its decision shall be final on the date it files its written decision with the Director disposing of the case. The director thereafter shall give the interested parties notice of the decision."
13.33(b)
"No rehearing shall be granted from a final decision of the Commission."
[4] 12.3 Procedure in Adverse Actions for Cause, Except Suspensions.

(a) "In every case of removal, demotion, or reduction in pay for cause of a permanent employee, the appointing authority or his authorized agent shall:
1. Furnish to the employee at the time such action is taken, or prior thereto, a statement in writing giving detailed reasons for such action.
2. In such cases, the appointing authority or his duly authorized agent shall, commencing January 1, 1978, include in the written notice the following provision: `You may appeal this action to the Civil Service Commission within 30 days. The appeal must conform to the provisions of Chapter 13 of the Civil Service Rules.'
3. The appointing authority shall furnish the Director a copy of such statement within fifteen calendar days of the date the employee is notified."
(b) "A written statement to which reference is made in the preceding paragraph shall be deemed furnished to the employee
1. Upon actual receipt by, or manuel delivery to, the employee or to any resident of suitable age and discretion of the employee's domicile, or
2. On the seventh day subsequent to the day on which an appointing authority establishes that it was deposited in the United States Mail, with proper postage affixed, and addressed to the employee at his last known address as furnished to the appointing authority at the the of employment, or as changed by the employee in writing."