402 So.2d 203 (1981)
Forrest W. SPEARS
v.
DEPARTMENT OF CORRECTIONS, Louisiana Correctional and Industrial School, DeQuincy.
No. 14261.
Court of Appeal of Louisiana, First Circuit.
June 29, 1981.
*204 Mary E. Howell, Howell & Kellogg, New Orleans, for appellant.
Annette R. Seng, Staff Atty., Dept. of Justice, Baton Rouge, for appellee.
Laura D. Holmes, Civil Service Legal Counsel, Dept. of Civil Service, Baton Rouge, for George Hamner, Director of the Dept. of State Civil Service.
Before COVINGTON, CHIASSON and LEAR, JJ.
LEAR, Judge.
This appeal was taken by plaintiff, Forrest W. Spears, from a ruling of the State Civil Service Commission dismissing his appeal as untimely.
Plaintiff was employed by the Department of Corrections as a security officer at Louisiana Correctional and Industrial School in DeQuincy, Louisiana. The appointing authority notified plaintiff, by letter dated June 22, 1978, that he was being suspended for five working days, commencing on June 30, 1978. The reasons for this suspension were stated in the authority's letter. Plaintiff notified the commission of his desire to appeal, by letter which was dated and postmarked July 24, 1978, and in which letter plaintiff stated that he had received the above referred to written notice of his suspension on June 23,1978. The authority filed a motion for summary disposition on the ground that the appeal was untimely filed, and plaintiff responded by alleging inadequate notice and certain constitutional defects. A hearing on the issue of the timeliness of plaintiff's appeal was held, and the commission, in its opinion dated July 18, 1980, granted the authority's motion and dismissed plaintiff's appeal. Plaintiff thereafter perfected an appeal to this court.
We find the record to be clear on the following points: (1) On June 23, 1978, plaintiff received the authority's letter dated June 22, 1978, notifying him of the suspension; (2) the authority's letter contained no notification that plaintiff had a right to appeal to the Civil Service Commission, nor that an appeal must be taken within thirty days of receipt of that notice; (3) the authority's letter to plaintiff advised him that he could contest this action [his suspension] by replying by letter to the person writing the letter; and (4) plaintiff's letter of appeal to the commission was dated and postmarked July 24, 1978.
*205 Plaintiff testified that, at the time he received the authority's letter and for "a good while after" he received the letter, he believed that the grievance he had filed with his union would automatically activate a civil service appeal and he was unaware that it was necessary for him to file an appeal with the Civil Service Commission itself. He further testified that he was then informed by a union official of the necessity of filing a civil service appeal within thirty days of notification, and on Friday, the 21st [of July, 1978], plaintiff wrote to his attorney concerning his appeal. Again, the record indicates that plaintiff's appeal was dated and postmarked by his attorney on Monday, July 24, 1978.
In the recent case of Pailet v. Office of Health Services and Environmental Quality, Department of Health and Human Resources, 387 So.2d 1274 (La. App. 1st Cir., 1980), which also concerned the suspension of a permanent state civil service employee, we held that when an employee protected by civil service is suspended, the thirty day delay for appeal does not commence to run until notice sufficient to constitute notice under Civil Service Rule 12.3 is furnished him. However, because Pailet, supra, concerned the adequacy of the notice regarding the details of the alleged offense, rather than the remaining provisions of Rule 12.3(a) relating to appeal rights and delays, we do not believe that the Pailet case is entirely dispositive of this instant case. In Pailet, supra, our holding was based on the requirements of due process. In this instant case, while it is unnecessary for us to determine whether due process requires a suspended employee to be informed of his appeal rights and delays, we do find that, where the Civil Service Rules require that protected employees who are removed, demoted or reduced in pay must be informed of their appeal rights, including delays, the equal protection provisions of both the federal and Louisiana constitutions require that similarly situated employees who are merely suspended be advised of these appeal rights and delays in the written detailed reasons required under Rule 12.2.
Under both the Fourteenth Amendment of the United States Constitution and Article 1, Section 3 of the Louisiana Constitution of 1974, no person can be denied the equal protection of the law. And, the right to equal protection applies to every kind of state action, whether by law or the action or rules of an administrative agency. Glicker v. Michigan Liquor Control Commission, 160 F.2d 96 (6 Cir. 1947).
In the recent case of Succession of Thompson, 367 So.2d 796 (La. 1979), our Supreme Court stated that:
"The equal protection guarantee of Article 1, § 3 requires state laws to affect alike all persons and interests similarly situated. However, persons or interests may be classified differently by the legislature [or an administrative agency] if a rational basis exists for the differentiation which is reasonably related to a valid governmental purpose." [Bracketed portion supplied; citations omitted.]
Even allowing to the state in this case the lowest level of scrutiny, that of requiring only a rational basis for the distinction, which is reasonably related to a valid governmental purpose, we can find no justification for treating protected state civil service employees who are terminated, demoted or reduced in pay differently than those who are merely suspended, as concerns a statement of their appeal rights and delays. Certainly, both classes of employees are adversely affected by the respective disciplinary action taken against them, and both may suffer loss of wages, status and employment, either permanently or temporarily. The state argues that suspension is a lesser penalty than termination, demotion, or reduction in pay, in that such suspensions are usually for a period of no more than ten days. However, we find that the civil service regulations allow suspension, without pay, of a protected employee for up to ninety days without the prior approval of the commission. We cannot agree that this loss of employment, status and income for three months is not as severe, or in some cases more severe, than termination, demotion or reduction in pay. Even if we were *206 to accept the state's argument on this point, we do not believe that the mere fact that one penalty may be less severe than another justifies unequal treatment with regard to the type or details of notification as to the employee's right of appeal.
The state also directs our attention to Pailet, supra, as in indication that the separate procedures provided by Rules 12.2 and 12.3 have been sanctioned by this court. On the contrary, however, in Pailet, supra, we held that employees who are suspended should not be treated differently from those who are terminated, demoted or reduced in pay, as relates to the amount of time the employee has to appeal. We also found in Pailet, supra, that the disparate treatment of protected employees could be sanctioned only as it relates to whether the disciplined employee must be informed in writing of the details of the alleged offense at or prior to being disciplined rather than within fifteen days following the effective date of the discipline (suspension). These arguments do not address themselves to the issue of notification of appeal rights and delays.
Both categories of protected employees may appeal disciplinary action taken against them to the Civil Service Commission within thirty days, and their appeals, in both cases, must conform to the provisions of Chapter 13 of the Civil Service Rules. It is a mere statement of these facts that the Civil Service Rules require to be given to an employee who is terminated, demoted or reduced in pay, and which statement is not required to be given to the same employee, or other employees similarly situated, who is merely suspended. We can find no rational basis for the requirement in one case and the lack of requirement in the other.
Based on the above, we find that, as a suspended employee, plaintiff should have been accorded the same quality of notice as that which is provided to other protected employees who are disciplined under Civil Service Rule 12.3. We, therefore, hold that, because the notice given to plaintiff was substantively different than that accorded to protected employees who are disciplined under Civil Service Rule 12.3, the authority's letter of June 22, 1978, received by plaintiff on June 23, 1978, was insufficient to commence the running of plaintiff's thirty day delay for appeal. Plaintiff's appeal was, therefore, timely.
For the above reasons, the decision of the State Civil Service Commission, dismissing plaintiff's appeal as untimely, is hereby reversed and this cause is hereby remanded to the commission for further action on plaintiff's appeal of his suspension. Appellee is to pay costs in the amount of $25.00.
REVERSED AND REMANDED.