CARTER, Judge:
Appellant, Nona Smith, appeals a Louisiana State Civil Service Commission decision dismissing as untimely her appeal of a written reprimand issued in connection with her employment at Southeast Louisiana State Hospital, a facility of the Department of Health and Human Resources.
Appellant was a classified employee in the state civil service with permanent status. By letter dated September 11, 1981, she was officially reprimanded by the Chief Executive Officer of Southeast Louisiana State Hospital for having verbally abused vocational rehabilitation clients. On January 4, 1982, she notified the Louisiana Civil Service Commission (Commission) of her desire to appeal.[1] The Commission filed a motion for summary disposition on the ground that the appeal was untimely filed. The referee appointed by the Commission to hear the case found for the plaintiff and denied the Commission’s motion for summary disposition based upon the referee’s interpretation of Spears v. Department of Corrections, 402 So.2d 203 (La.App. 1st Cir.1981). In addition, the referee awarded to appellant attorney fees in the amount of $500.00. The Commission granted a review of the referee’s decision and rendered a decision reversing the referee, dismissing the appeal as untimely and setting aside the award of attorney fees. Appellant appeals from the decision of the Commission.
At the time of the Spears decision, the Civil Service Rules provided that notice of appeal rights be given to employees who were terminated, demoted, or reduced in pay for cause. There was no notice requirement for employees who were suspended, and Spears held this to be a violation of equal protection. The Commission subsequently formulated a rule requiring the appointing authority to advise the suspended employee of his right to appeal.[2]
*1245 In her first two assignments of error, appellant questions whether permanent employees who receive written reprimands must be furnished with the same notification of the right to appeal as are permanent employees who are suspended, terminated, demoted, or reduced in pay for cause.
The right to appeal a disciplinary action is constitutional. La. Const. of 1974, art. X, § 8(A).[3] Rule 12.1 indicates that a reprimand is a disciplinary action.[4] There is no Civil Service Rule requiring notice of right to appeal in the case of reprimands.
The Commission has rule-making power, and its rules have the effect of law. La. Const. of 1974, art. X, § 10(A)(1) and (4). If a Civil Service rule is reasonable and not violative of basic constitutional rights, it must be recognized and given effect by the courts. Thoreson v. Department of State Civil Service, 433 So.2d 184 (La.App. 1st Cir.1983), writ denied, 440 So.2d 726 (La.1983), reconsideration denied, 442 So.2d 452 (La.1983). Civil Service rules even prevail over acts of the legislature which may be in conflict with them. Smith v. Department of Health and Human Resources, 416 So.2d 94 (La.1982).
The Fourteenth Amendment of the United States Constitution and Article 1, Section 3 of the Louisiana Constitution of 1974[5] provide that no one can be denied the equal protection of the law; and, this right to equal protection applies to every kind of state action, whether by statute or the action or rules of an administrative agency. Spears v. Department of Corrections, supra.
In Succession of Thompson, 367 So.2d 796, 798 (La.1979), the Supreme Court stated that:
The equal protection guarantee of Article 1, § 3 requires state laws to affect alike all persons and interests similarly situated. However, persons or interests may be classified differently by the legislature [or an administrative agency] if a rational basis exists for the differentiation which is reasonably related to a valid governmental purpose. (Bracketed portion supplied; citations omitted.)
A written reprimand such as that given appellant in the case sub judice does not affect either temporarily or permanently any substantial employee rights, and a rational basis exists for the differentiation of written reprimand from suspension, removal, demotion, or reduction in pay for cause. It is clear that substantial rights are affected when an employee is suspended, removed, demoted, or reduced in pay, and the Civil Service Rules expressly provide that notice of appeal rights be given *1246 in those instances. However, the same is not true of written reprimands.[6] Although the right to appeal exists, no notice of appeal is required by the Civil Service Rules for the disciplinary actions of reprimand. Therefore, appellant was not entitled to be notified of her appeal rights under the facts of this case. In addition, the delays for taking an appeal from the written reprimand have long since expired. Appellant received the letter of reprimand September 11, 1981. She did not file a request for appeal of the reprimand until January 4, 1982. Civil Service Rule 13.12.[7]
In her third and final assignment of error, appellant argues that the Commission erred in reversing the referee’s award of $500.00 in attorney fees. Under Civil Service Rule 13.35(a), the Commission has the discretionary power to award attorney fees when it reverses or modifies an appel-lee’s actions in a Civil Service appeal. In the case sub judice, the Commission agreed with the appellee’s actions and is not reversing or modifying the appellee’s actions, nor did the Commission approve a rescisión or modify a disciplinary action; therefore, the referee’s award of attorney fees was properly reversed.
For the foregoing reasons, the decision of the Civil Service Commission is affirmed. Appellant is casts for costs of this appeal.
AFFIRMED.
LANIER, J., concurs in the result.
COLE, J., respectfully dissents.

. Appellant also sought to appeal a verbal order of October 22, 1981, transferring her from the Vocational Rehabilitation Unit to the Diagnostic and Evaluation Center, Children’s Home. However, she retired on June 30, 1982, and later stipulated that portion of her appeal was moot.

. Rules 12.2(a) and 12.3(a) provide in pertinent part as follows:
12.2 Suspensions.
(a) Any permanent employee who is suspended without pay shall be so notified by his appointing authority or his authorized agent on or before the effective time and date of the commencement of the suspension. Each permanent employee so suspended shall be furnished detailed reasons therefor in writing prior to or within fifteen (15) calendar days following the effective date of the suspension. A copy of such detailed reasons shall be furnished to the Director. For each permanent employee so suspended, the notice containing the detailed reasons for the suspension shall contain the notification of the right to appeal required by Rules 12.3(a)2 below.
12.3 Procedure in Removals, Demotions and Reductions in Pay of Permanent Employees,
(a) In every case of removal, demotion, or reduction in pay for cause of a permanent employee, the appointing authority or his authorized agent shall:
1. Furnish to the employee at the time such action is taken, or prior thereto, a state *1245 ment in writing giving detailed reasons for such action.
2. In such cases, the appointing authority or his duly authorized agent shall, commencing January 1, 1978, include in the written notice the following provision: “You may appeal this action to the Civil Service Commission within 30 days. The appeal must conform to the provisions of Chapter 13 of the Civil Service Rules."

. Rule 13.10(b) implements this constitutional right provides an appeal may be made to this Commission by:
(b) Any person in the Classified Service who, having acquired permanent tenure, alleges that he has been demoted, dismissed, discriminated against, or subjected to any disciplinary action contrary to any provision of the Article or of the Rules of this Commission.

. Rule 12.1 provides as follows:
12.1 Disciplinary Actions
Any appointing authority may take appropriate action to remove, suspend, demote, reduce in pay, reassign or reprimand an employee for cause.

.The Equal Protection Clause of the 14th Amendment of the United States Constitution provides:
All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.
Article 1, Section 3 of the Louisiana Constitution of 1974 provides in pertinent part:
No person shall be denied the equal protection of the laws.

. We are not herein presented with a situation where the written reprimand is being used as a basis for disciplinary action affecting substantial rights of the employee.

. Rule 13.12 provides in pertinent part as follows:
(a) No appeal shall be effective unless a written notice complying with the requirements of Rule 13.11 is either (i) received in the office of the Director of the State Department of Civil Service at Baton Rouge, Louisiana, or (ii) is addressed to the Director of the State Department of Civil Service at Baton Rouge, Louisiana, with proper postage affixed, and is dated by the United States Post Office.
1. Within thirty (30) calendar days after the date on which appellant received written notice of the action on which the appeal is based when written notice before or after the action is required by these Rules; or
2. Within thirty (30) calendar days after the date when appellant learned or was aware that the action complained of had occurred when no written notice is required by these Rules or, if required, was given tardily or not at all.