Dear Mr. LaBorde:
You have requested an opinion from this office in regard to the payment of termination pay for up to twenty-five days of unused accrued sick leave to members of the Teachers' Retirement System of Louisiana (TRSLA) and the Louisiana School Employees' Retirement System (LSERS).
You state that State Civil Service General Circular No. 001155, dated June 16, 1994, states that classified employees belonging to TRSLA and LSERS are not eligible for payment of unused sick leave upon retirement or death and it refers to Civil Service Rule 11.10.
Furthermore, you cite LSA-R.S. 17:425 which states:
 Notwithstanding any other provision of the law to the contrary, beginning July 1, 1973, any parish or city school board, the State Board of Elementary and Secondary Education, or other boards of control of publicly supported educational institutions upon retirement of any employee of such boards or upon his death prior to retirement, shall pay to such employee or to his heirs or assigns all sick leave which has accrued to such employee but which remains unused at the time of his retirement or at the time of his death if prior to retirement, not to exceed twenty-five days of unused sick leave . . .
As you have noted, no reference is made to classified or unclassified employees in the statute which you have indicated seems to be in direct conflict with General Circular No. 001155. Therefore, you request an opinion on the following:
 1. Which guidance is authoritative, Louisiana Revised Statute 17:425 or Civil Service General Circular No. 001155, with regards to payment of accrued unused sick leave?
 2. To whom is the authoritative guidance applicable?
Article 10 Section 1 of the Louisiana Constitution of 1974 provides for our State's Civil Service System. It provides the following in pertinent part:
 The State Civil Service is established and includes all persons holding offices and positions of trust or employment in the employ of the state, or any instrumentality thereof, any joint state and federal agency, joint state and parochial agency, or joint state and municipal agency, regardless of the source of the funds used to pay for such employment . . .
Article 10 Section 10A grants Civil Service the legislative and executive authority to perform the following:
 (A) Rules. (1) Powers. Each commission is vested with broad and general rulemaking and subpoena powers for the administration and regulation of the classified service, including the power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualifications, political activities, employment conditions, compensation and disbursements to employees, and other personnel matters and transactions; to adopt a uniform pay and classification plan; to require an appointing authority to institute an employee training and safety program; and generally to accomplish the objectives and purposes of the merit system of civil service as herein established. It may make recommendations with respect to employee training and safety.
Additionally, Article 10 Section 12 grants Civil Service exclusive judicial power to hear and decide all removal and disciplinary cases.
In Legros v. Department of Public Safety Division of StatePolice, 364 So.2d 162, (1st Cir. 1978), writ denied366 So.2d 562, the First Circuit Court of Appeals held that the "Rules of the State Civil Service Commission have the force and effect of law. La. Const. 1974, Article 10, Section 10(A)(4)."
In Hughes v. Department of Public Safety, 453 So.2d 620
(1st Cir. 1984), the court stated the following in reference to the Civil Service Commission's rule-making authority and the authority of the Legislature to pass laws that are in conflict with the Commission's rules.
 The commission is vested with board rulemaking powers for regulation of the classified service. La. Const. of 1974, Art X § 10(A). This constitutional grant of rulemaking power precludes the legislature from enacting a statute which would nullify a rule of the Commission. Smith v. Department of Health and Human Resources, 416 So.2d 94
(La. 1982). Pursuant to Rule 13.19(d) and (k), the rules of evidence and procedure in hearings before the Commission shall be the same as those applicable to civil trials in district courts.
Civil Service rules prevail over acts of legislature which may be in conflict with them. Smith v. Department of Health HumanResources, Southeast Louisiana State Hospital, 461 So.2d 1243, (1st cir. 1984), writ denied 464 So.2d 316.
In Foreman v. Falgout 503 So.2d 517 (1st Cir. 1986) plaintiff attempted to circumvent the exclusive jurisdiction given to the Civil Service Commission as provided for in ArticleX, Section 12(A) of the Louisiana Constitution by filing suit against his supervisor individually and as a supervisor. However, the court held that:
 . . . the entire thrust of the exclusive jurisdiction granted is to preclude district courts from having concurrent jurisdiction with the Civil Service Commission over classified Civil Service employee-employer disputes that are employment related.
In Strickland v. Office of the Governor 525 So.2d 740
(1st Cir. 1988), the court stated the following in reference to the authority given to the Civil Service Commission:
 We are fully aware that La. Const. Art. X, § 12, expressly grants `the exclusive power and authority to hear and decide all removal and disciplinary cases' to the Commission, whereas Art. X, § 10 does not expressly provide for exclusive authority. However, in granting `general rule-making' authority to the Commission `including the power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualifications, political activities, employment conditions, compensation and disbursements to employees, and other personnel matters and transactions; to adopt uniform pay and classification plan; . . . and generally to accomplish the objectives and purposes of the merit system of civil service as herein established,' and in providing that the `[r]ules adopted . . . shall have the effect of law,' article X of the constitution evidences an intention to grant exclusive jurisdiction to the Commission in those areas where the Commission has exercised its `broad and general rule-making power.' Unless that jurisdiction is exclusive, the orderly fashion of resolving employer-employee related disputes will be disrupted if the employee can forum shop between the Commission and the courts. . . .
Since the Civil Service Commission has the authority to administer and regulate the classified service and since they have done so by enacting State Civil Service General Circular Number 001155 dated June 16, 1994, any legislative enactment that is in conflict with the circular insofar as classified employees are concerned will not prevail. Therefore, Civil Service General Circular Number 001155 is authoritative in regard to classified employees.
LSA-R.S. 17:425 is authoritative with regards to payment of accrued unused sick leave for those persons not in the classified service.
In your second question you ask:
To whom is the authoritative guidance applicable?
As indicated in the Louisiana Constitution of 1974, article 10
Section 1 states that:
 . . . [t]he Civil Service is established and includes all persons holding offices and positions of trust or employment in the employ of the state, or any instrumentality thereof, any joint state and federal agency, joint state and parochial agency, or joint state and municipal agency, regardless of the source of the funds, used to pay for such employment.
Article 10 Section 2 specifies who is in the unclassified service and additionally indicates that all persons not included in the unclassified service are in the classified service.
In summary, Civil Service General Circular Number 001155 is authoritative with regards to payment of accrued unused sick leave for Civil Service employees and LSA-R.S. 17:425 is authoritative with regards to payment of accrued unused sick leave for those persons not in the classified service.
I hope this opinion sufficiently addresses your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 Beth Conrad Langston Assistant Attorney general
RPI/BCL/sc/opinion33