Dear Barbara:
I am in receipt of your request for an Attorney General's opinion on behalf of the Louisiana State Board of Nursing regarding per diem for board members who are employed by the State. When I spoke with you by telephone on December 10, 1997, you indicated that there are some board members that are Department of Health and Hospital (DHH) employees. You are concerned as to whether they are entitled to their salary from DHH and a per diem for the days in which they are performing work for the board. You have indicated that the Department of Health and Hospitals has issued a directive stating that a board member in this situation must use annual leave if he/she collects a per diem.
LSA-R.S. 37:914(E) provides the following in regard to a per diem for the board members of the Louisiana State Board of Nursing:
 Each member of the board shall receive seventy-five dollars a day and reimbursement for actual expenses and mileage at the same rate set by the division of administration for state employees under the provisions of R.S. 39:231 for each day in actual attendance at board meetings or for representing the board in an official board-approved activity.
Our office addressed a similar issue in Attorney General Opinion No. 89-446. In that opinion, the issue presented was whether the chiefs of police and the employee members of the Board of Trustees can receive a per diem payment while on another public payroll, without taking annual or compensatory leave for the days of their attendance at Board of Trustees meetings. Our office opined that they may. The author stated the following:
 In our opinion they may, At (sic) first glance, the payment twice from the public fisc for the same workday would appear to violate the public payroll fraud statute (LSA-R.S. 14:138). However, the exception in that criminal statute encompasses the employment practices examined herein:
 This article shall not apply in a situation where a bona fide public officer or employee, who is justifiably absent from his job or position for a reasonable time, continues to receive his usual compensation or a part thereof.
 Service on the Board of Trustees is a "justifiable absence . . . for a reasonable time." It is justifiable and reasonable because the legislature has expressly enabled the management of the retirement system to consist of currently serving supervisory and line police officers, and thereby authorized their absence form their normal employment duties and responsibilities. Further the legislature has authorized payment of additional per diem not once but twice. Finally, in these provisions, the legislature has not chosen to require that the police members of the Board exercise leave privileges in order to collect the per diem. Expressio unius est exclusio alterious — "to express one is to exclude the other."
Since you indicated there is an Ethics opinion on this matter, I spoke with counsel for the Commission, Maris McCrory by telephone. The Commission addressed the following two questions at their September 5, 1995 meeting:
 May an appointed chief of police receive per diem for attendance at a meeting of the Municipal Police Employees' Retirement System (MPERS) Board? If so, is he required to take leave from his position as chief of police to be entitled to such per diem?
 May a police officer (city employee) receive per diem for attendance at a meeting of the MPERS Board? If so, is he required to take leave from his position as a police officer to be entitled to such per diem?
The Commission stated that it is generally the conclusion of the Commission that the events described do not represent a violation of any provision of the Code of Governmental Ethics. Ms. McCrory stated that Ethics Board Docket No. 95-123 addressed the issue of whether an elected chief of police serving on the Municipal Police Employees' Retirement System Board of Trustees may receive a per diem for attendance at a meeting of that board. The Board concluded that the provisions of the Code of Governmental Ethics do not address the question and referred the requestor to Attorney General Opinion 89-446.
A review of the directive from DHH concerning this issue indicates the board member-in-question has the following options:
 1) Use annual or compensatory leave while attending a meeting or function of the Board and collect the per diem.
 2) Remain on work status and refuse the per diem, or
 3) Remain on work status, collect the per diem and turn it over to the State.
I spoke with Robert Boland, General Counsel for the Louisiana Civil Service Commission and he indicated that the options discussed in the DHH directive represents the opinion of the Commission.
Article 10 Sec. 10(A) of the Louisiana Constitution grants the State Civil Service broad and general rulemaking power for the administration and regulation of the classified service. This article states that this power to adopt rules includes regulating compensation and disbursements to all classified Civil Service employees and other personnel matters and transactions.
As discussed in Smith v. Department of Health and HumanResources, 461 So.2d 1243, writ denied 464 So.2d 316, Civil Service rules prevail over acts of the legislature which may be in conflict with them. Therefore, if the Board member in this situation is a classified civil service employee, then he/she cannot receive his/her regular salary from DHH and a per diem unless annual leave is taken.
Since the applicable section of LSA-R.S. 14:138 remains the law, Attorney General Opinion No 89-446 represents the opinion of this office for unclassified employees.
I hope this opinion sufficiently addressed your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc
Date Received: November 25, 1997BRDate Received: December 2, 1997SHDate Released:
BETH CONRAD LANGSTONASSISTANT ATTORNEY GENERAL