Dear Mr. Butler:
You have requested an opinion from this office concerning the eligibility of classified employees, who leave the DROP program, for terminal pay. You have requested an opinion on the following specific question:
 While in DROP an employee is classified but following DROP the employee changes position and becomes eligible for terminal pay under Attorney General Opinion #93-612A dated 11/30/1994 can the employee now be paid terminal pay or will the employee have to wait until employment ceases?
In your request, you cite Louisiana Civil Service General Circular #001155 dated June 17, 1994. In that circular, the Department of Civil Service states that "The only terminal leave payment a classified employee is eligible for is that provided by Civil Service Rule 11.10." Civil Service Rule 11.10 allows a classified employee to receive a terminal payment of the value of his accrued annual leave (up to 300 hours) "[upon] separation from the classified service."
In Opinion 94-373, this office examined an apparent conflict between Louisiana Civil Service General Circular #001155 dated June 17, 1994, and La.R.S. 17:425 (which allows the payment of up to 25 days of unused sick leave to employees of certain educational institutions). In that opinion, we found the Civil Service Commission authoritative with respect to the "[administration] and regulation of the classified service." La. Const. Art. 10, Sect. 10A.
Therefore, it is the opinion of this office that a classified employee participating in the DROP program, who leaves the classified service, is eligible for the terminal pay described in Civil Service Rule 11.10 upon separation from the classified service.
For your convenience, I have enclosed a copy of Civil Service Rule 11.10 (also found at www.dscs.state.la.us) and Attorney General Opinion 94-373.
I trust this opinion has sufficiently addressed your concerns. Please contact this office should you require further assistance.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _______________________________ THOMAS L. ENRIGHT, JR. Assistant Attorney General
RPI/TLE;dsc
Enclosures
OPINION NUMBER 94-373
DECEMBER 22, 1994
9 — CIVIL SERVICE COMMISSION 103 — SCHOOLS AND SCHOOL DISTRICTS — Pension Benefits, Teachers' Retirement System 109 — STATE — EMPLOYEES AND DEPARTMENTS Article 10 Section 1 of the Louisiana Constitution of 1974 Article 10 Section 10 of the Louisiana Constitution of 1974 Article 10 Section 12 of the Louisiana Constitution of 1974 Article 10 Section 2 of the Louisiana Constitution of 1974 LSA-R.S. 17:425
Civil Service General Circular Number 001155 is authoritative with regards to payment of accrued unused sick leave for Civil Service employees and LSA-R.S. 17:425 is authoritative with regards to payment of accrued unused sick leave for those persons not in the classified service.
The Honorable Raymond J. LaBorde Commissioner of Administration P.O. Box 94095 Baton Rouge, LA 70804-9095
Dear Mr. LaBorde:
You have requested an opinion from this office in regard to the payment of termination pay for up to twenty-five days of unused accrued sick leave to members of the Teachers' Retirement System of Louisiana (TRSLA) and the Louisiana School Employees' Retirement System (LSERS).
You state that State Civil Service General Circular No. 001155, dated June 16, 1994, states that classified employees belonging to TRSLA and LSERS are not eligible for payment of unused sick leave upon retirement or death and it refers to Civil Service Rule 11.10.
Furthermore, you cite LSA-R.S. 17:425 which states:
 Notwithstanding any other provision of the law to the contrary, beginning July 1, 1973, any parish or city school board, the State Board of Elementary and Secondary Education, or other boards of control of publicly supported educational institutions upon retirement of any employee of such boards or upon his death prior to retirement, shall pay to such employee or to his heirs or assigns all sick leave which has accrued to such employee but which remains unused at the time of his retirement or at the time of his death if prior to retirement, not to exceed twenty-five days of unused sick leave . . .
As you have noted, no reference is made to classified or unclassified employees in the statute which you have indicated seems to be in direct conflict with General Circular No. 001155. Therefore, you request an opinion on the following:
 1. Which guidance is authoritative, Louisiana Revised Statute 17:425 or Civil Service General Circular No. 001155, with regards to payment of accrued unused sick leave?
 2. To whom is the authoritative guidance applicable?
Article 10 Section 1 of the Louisiana Constitution of 1974 provides for our State's Civil Service System. It provides the following in pertinent part:
 The State Civil Service is established and includes all persons holding offices and positions of trust or employment in the employ of the state, or any instrumentality thereof, any joint state and federal agency, joint state and parochial agency, or joint state and municipal agency, regardless of the source of the funds used to pay for such employment . . .
Article 10 Section 10A grants Civil Service the legislative and executive authority to perform the following:
 (A) Rules. (1) Powers. Each commission is vested with broad and general rulemaking and subpoena powers for the administration and regulation of the classified service, including the power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualifications, political activities, employment conditions, compensation and disbursements to employees, and other personnel matters and transactions; to adopt a uniform pay and classification plan; to require an appointing authority to institute an employee training and safety program; and generally to accomplish the objectives and purposes of the merit system of civil service as herein established. It may make recommendations with respect to employee training and safety.
Additionally, Article 10 Section 12 grants Civil Service exclusive judicial power to hear and decide all removal and disciplinary cases.
In Legros v. Department of Public Safety Division of State Police,364 So.2d 162, (1st Cir. 1978), writ denied 366 So.2d 562, the First Circuit Court of Appeals held that the "Rules of the State Civil Service Commission have the force and effect of law. La. Const. 1974, Article10, Section 10(A)(4)."
In Hughes v. Department of Public Safety, 453 So.2d 620 (1st Cir. 1984), the court stated the following in reference to the Civil Service Commission's rule-making authority and the authority of the Legislature to pass laws that are in conflict with the Commission's rules.
 The commission is vested with board rulemaking powers for regulation of the classified service. La. Const. of 1974, Art X § 10(A). This constitutional grant of rulemaking power precludes the legislature from enacting a statute which would nullify a rule of the Commission. Smith v. Department of Health and Human Resources, 416 So.2d 94
(La. 1982). Pursuant to Rule 13.19(d) and (k), the rules of evidence and procedure in hearings before the Commission shall be the same as those applicable to civil trials in district courts.
Civil Service rules prevail over acts of legislature which may be in conflict with them. Smith v. Department of Health Human Resources,Southeast Louisiana State Hospital, 461 So.2d 1243, (1st cir. 1984), writ denied 464 So.2d 316.
In Foreman v. Falgout 503 So.2d 517 (1st Cir. 1986) plaintiff attempted to circumvent the exclusive jurisdiction given to the Civil Service Commission as provided for in Article X, Section 12(A) of the Louisiana Constitution by filing suit against his supervisor individually and as a supervisor. However, the court held that:
 . . . the entire thrust of the exclusive jurisdiction granted is to preclude district courts from having concurrent jurisdiction with the Civil Service Commission over classified Civil Service employee-employer disputes that are employment related.
In Strickland v. Office of the Governor 525 So.2d 740 (1st Cir. 1988), the court stated the following in reference to the authority given to the Civil Service Commission:
 We are fully aware that La. Const. Art. X, § 12, expressly grants `the exclusive power and authority to hear and decide all removal and disciplinary cases' to the Commission, whereas Art. X, § 10 does not expressly provide for exclusive authority. However, in granting `general rule-making' authority to the Commission `including the power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualifications, political activities, employment conditions, compensation and disbursements to employees, and other personnel matters and transactions; to adopt uniform pay and classification plan; . . . and generally to accomplish the objectives and purposes of the merit system of civil service as herein established,' and in providing that the `[r]ules adopted . . . shall have the effect of law,' article X of the constitution evidences an intention to grant exclusive jurisdiction to the Commission in those areas where the Commission has exercised its `broad and general rule-making power.' Unless that jurisdiction is exclusive, the orderly fashion of resolving employer-employee related disputes will be disrupted if the employee can forum shop between the Commission and the courts. . . .
Since the Civil Service Commission has the authority to administer and regulate the classified service and since they have done so by enacting State Civil Service General Circular Number 001155 dated June 16, 1994, any legislative enactment that is in conflict with the circular insofar as classified employees are concerned will not prevail. Therefore, Civil Service General Circular Number 001155 is authoritative in regard toclassified employees.
LSA-R.S. 17:425 is authoritative with regards to payment of accrued unused sick leave for those persons not in the classified service.
In your second question you ask:
To whom is the authoritative guidance applicable?
As indicated in the Louisiana Constitution of 1974, article 10 Section 1
states that:
 . . . [t]he Civil Service is established and includes all persons holding offices and positions of trust or employment in the employ of the state, or any instrumentality thereof, any joint state and federal agency, joint state and parochial agency, or joint state and municipal agency, regardless of the source of the funds, used to pay for such employment.
Article 10 Section 2 specifies who is in the unclassified service and additionally indicates that all persons not included in the unclassified service are in the classified service.
In summary, Civil Service General Circular Number 001155 is authoritative with regards to payment of accrued unused sick leave for Civil Service employees and LSA-R.S. 17:425 is authoritative with regards to payment of accrued unused sick leave for those persons not in the classified service.
I hope this opinion sufficiently addresses your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 __________________________ Beth Conrad Langston Assistant Attorney general
RPI/BCL/sc/opinion33
Date Received: Date Released: February 2, 2001
THOMAS L. ENRIGHT, JR. Assistant Attorney General
 CHAPTER 11 HOURS OF WORK, ANNUAL, SICK AND OTHER FORMS OF LEAVE
11.1 Full-Time Employees.
(a) Subject to the provisions of subsections (b) and (c) hereof, the work week for each full-time employee in the classified service shall be forty (40) hours.
(b) An appointing authority, with the approval of the Commission, may specify a work week exceeding forty (40) hours for employees in specific classes of positions within his agency, or for employees in specific divisions or activities within his agency.
(c) Subject to the provisions of subsections (a) and (b) of this Rule, the appropriate appointing authority shall designate and record the number of hours and days which will constitute the regular work week of each full-time employee.
(d) Each specification prepared under the provisions of subsection (b) of this Rule shall be filed with the Director.
11.2 Part-Time Employees.
(a) When the services of an employee are not needed on a full-time basis his appointing authority may establish a regular tour of duty for him on a part-time basis.
(b) The appropriate appointing authority shall designate and record the number of hours and days which will constitute the regular work week of each part-time employee.
11.3 Intermittent Workers.
When the services of an employee are not needed on a regularly scheduled basis, the appointing authority may appoint an employee to serve on an intermittent hourly, daily, weekly or monthly basis.
11.3.1 Authority To Require Performance Of Overtime.
An employee in the classified service may be required by his appointing authority to work overtime.
11.4 Repealed and re-enacted effective July 1, 1973 as Rules 1.3.1 and 1.39.1.
11.5 Earning of Annual and Sick Leave.
(a) Annual and sick leave shall be earned by each full-time and each part-time employee who has a regular tour of duty, except that no employee shall earn annual or sick leave while serving on restricted appointment.
(b) The earning of such leave shall be based on the equivalent of years of full-time State service and shall be creditable at the end of each calendar month or at the end of each regular pay period in accordance with the following general schedule
1. Less than three years of service, at the rate of .0461 hour of annual leave and .0461 hour of sick leave for each hour of regular duty.
2. Three years but less than five years of service, at the rate of .0576 hour of annual leave and .0576 hour of sick leave for each hour of regular duty.
3. Five years but less than ten years of service, at the rate of .0692 hour of annual leave and .0692 hour of sick leave for each hour of regular duty.
4. Ten years but less than fifteen years of service, at the rate of .0807 hour of annual leave and .0807 hour of sick leave for each hour of regular duty.
5. Fifteen or more years of service, at the rate of .0923 hour of annual leave and .0923 hour of sick leave for each hour of regular duty.
(c) Repealed, effective July 1, 1973.
(d) No employee shall be credited with annual or sick leave
1. For any overtime hour.
2. For any hour of leave without pay.
3. While he is on leave with or without pay, until such time as he returns to active working duty, except where inability to return to duty is caused by illness or incapacity as defined by Rule 1.39.1.
4. For any hour in on-call status outside his regular duty hours as defined in Rules 11.1 and 11.2.
5. For any hour of travel or other activity outside his regular duty hours as defined in Rules 11.1 and 11.2.
6. For any hour of a holiday or other non-work day which occurs while he is on leave without pay.
11.6 Carrying Leave Forward.
(a) Accrued unused annual and sick leave earned by an employee shall be carried forward to succeeding calendar years.
(b) Repealed, effective March 15, 1973.
11.7 Use of Annual Leave.
(a) Annual leave must be applied for by the employee and may be used only when approved by the appointing authority or his designated representative.
(b) Annual leave shall not be charged for non-work days.
(c) Each appointing authority shall select a method to charge the annual leave records of all employees. The minimum charge to annual leave records shall be not less than one-tenth hour (6 minutes) nor more than one-half hour.
(d) The appointing authority shall use the same method for charging to leave records for both annual and sick leave.
11.8 Repealed, effective December 17, 1957.
11.9 Enforced Annual Leave.
(a) Subject to subsection (b) hereof, and military leave provisions in Rule 11.26, an appointing authority may require an employee to take annual leave whenever in his administrative judgement such action would be in the best interest of the Department.
(b) No employee shall be required to reduce his accrued annual leave to less than 240 hours except;
(1) prior to being granted leave without pay, but subject to the right granted the employee by the military leave provisions of these rules; or,
(2) where it is determined that the need to be absent from work is because of a condition covered by the United States Family and Medical Leave Act.
11.10 Payment for Annual Leave Upon Separation.
(a) Subject to Rule 11.18(a) and sub-section (b) of this rule, each employee upon separation from the classified service shall be paid the value of his accrued annual leave in a lump sum disregarding any final fraction of an hour; provided, that the privileges of this rule shall not extend to any employee who is dismissed for theft of agency funds or property. The payment for such leave shall be computed as follows:
1. When an employee is paid wages on an hourly basis, multiply his regular hourly rate by the number of hours of accrued annual leave.
2. When an employee is paid on other than an hourly basis, determine his hourly rate by converting his salary in accordance with provisions in the uniform pay plan for conversion to a working hourly rate. Multiply his converted hourly rate by the number of hours of accrued annual leave.
(b) No terminal payment for annual leave earned under these Rules shall exceed the value of 300 hours, computed on the basis of the employee's hourly rate of pay (includes base supplement) at the time of his separation.
(c) No payment for annual leave under this Rule shall operate to continue the payee as a Classified employee beyond the last day of active duty.
(d) Payment for annual leave earned under administrative rules or regulations in effect prior to July 1, 1953 may be made upon separation in accord with such rules or regulations.
(e) When an employee who has been paid under this Rule for accumulated annual leave is reemployed in a classified position, he shall pay the Department which reemployes him the value of such annual leave at the rate paid him less the value of working hours for which he has been paid which intervene between the last day worked and the date of reemployment and shall be given credit for the number of hours of annual leave for which he has made reimbursement.
(f) Repealed and reeenacted as Sub-section (d)6 of Rule 11.5, effective July 1, 1973.
(g) Repealed, effective June 8, 1983.
11.11 Repealed, effective December 17, 1957.
11.12 Repealed, effective December 17, 1957.
11.13 Use of Sick Leave.
(a) Sick leave may be utilized by an employee who has sufficient leave to his credit for necessary absence from duty because of:
1. Illness or injury which prevents him from performing his usual duties.
2. Medical, dental, or optical consultation or treatment.
3. Repealed, effective January 1, 1963.
(b) Sick leave shall not be charged for non-work days.
(c) Each appointing authority shall select a method to charge the sick leave records of all employees. The minimum charge to sick leave records shall be not less than one-tenth hour (6 minutes) nor more than one-half hour.
(d) Repealed, effective June 30, 1972.
(e) The appointing authority shall use the same method for charging to leave records for both annual and sick leave.
11.13.1 Enforced Sick Leave
An appointing authority may place an employee on sick leave when the employee asserts the need to be absent from the work place because of the employee's illness or injury.
11.14 Certificate Required When Sick Leave Taken.
An employee who has taken sick leave shall file with his appointing authority a certificate stating the cause of his absence and the amount of time taken. The appointing authority may require a statement from a registered physician or some other acceptable proof that the employee was ill and unable to report to work.
11.15 Repealed, effective July 11, 1984.
11.16 Repealed, effective December 17, 1957.
11.17 Repealed, effective December 17, 1957.
11.18 Cancellation or Continuance of Annual and Sick Leave.
(a) When an employee separates from the state classified service, all accrued annual leave except that for which he must be paid and all accrued sick leave shall be cancelled; however, if the employee is reemployed or transfers in probational or permanent status in the classified service or is reemployed in the unclassified service without a break in service of one or more working days, all of the employee's annual and sick leave shall be transferred to the hiring agency.
(b) Subject to the provisions of Rule 11.19, when a former employee is reemployed with permanent or probationary status within 5 years of his separation, all accrued annual and sick leave that was cancelled upon separation shall be recredited to him; provided, that the privileges of this Rule shall not extend to an employee whose last separation was by dismissal or resignation to avoid dismissal.
(c) Repealed, effective August 5, 1992.
(d) Repealed, effective August 5, 1992.
(e) Repealed, effective August 5, 1992.
11.19 Transferring Annual and Sick Leave Between Departments.
(a) Repealed, effective July 1, 1973.
(b) Subject to the provisions of Subsection (c) of this Rule, all annual leave accrued by an employee for which he is not paid and all sick leave accrued by him whenever he changes from employment in one department to employment in another department within a period of thirty calendar days shall be certified by his former department to the other department and shall be credited to the employee.
(c) All annual leave accrued by an employee for which he was not paid and all sick leave accrued by him at time of separation to enter military service shall be credited to him upon his reemployment in a classified position following such military service.
(d) The annual and sick leave credits of an unclassified employee, earned under the provisions of an Executive Order of the Governor, who enters the Classified Service without a break in service of one or more working days, shall be certified and credited in the same manner as provided in this Rule for classified employees.
11.20 Repealed, effective December 17, 1957.