385 So.2d 400 (1980)
Horace WHITE
v.
DEPARTMENT OF HEALTH AND HUMAN RESOURCES, Charity Hospital at New Orleans.
No. 13355.
Court of Appeal of Louisiana, First Circuit.
May 5, 1980.
*401 Robert J. Stamps, New Orleans, for appellant.
Philip H. Kennedy, New Orleans, for appellee.
Before EDWARDS, LEAR and WATKINS, JJ.
WATKINS, Judge.
This is an appeal from a judgment of the State Civil Service Commission in which a motion for summary disposition for failure to appeal timely to the Commission was granted. We affirm.
Appellant, Horace White, was a chauffeur for Charity Hospital in New Orleans. On September 28, 1978, Mr. White was notified that he was being suspended indefinitely effective September 29, 1978, pending termination.
Appellant filed a grievance with the authorities at Charity Hospital. He then, by undated letter postmarked January 3, 1979, appealed his indefinite suspension to the State Civil Service Commission.
Civil Service Rule 13:12 (Delay for Making Appeal) (a) reads as follows:
"(a) No appeal shall be effective unless a written notice complying with the requirements of Rule 13.11 is either (i) received in the office of the Director of the State Department of Civil Service at Baton Rouge, Louisiana, or (ii) is addressed to the Director of the State Department of Civil Service at Baton Rouge, Louisiana, with proper postage affixed, and is dated by the United States Post Office.
"1. Within thirty (30) calendar days after the date on which appellant received written notice of the action on which the appeal is based when written notice before or after the action is required by these Rules; or
"2. Within thirty (30) calendar days after the date when appellant learned or was aware that the action complained of had occurred when no written notice is required by these Rules or, if required, was given tardily or not at all."
Nothing in this Civil Service Rule or in any other Rule provides for interruption of the time for appeal by the filing of a grievance or taking other non-appellate action. The Rules not providing for interruption of the time of appeal, there can be none in the present case.
The Civil Service Rules have the force of law, and the Courts of this State *402 will not pass upon the wisdom or policy of the Rules. Boucher v. Division of Employment Security, 226 La. 227, 75 So.2d 343 (1954), Young v. Charity Hospital of Louisiana, 226 La. 708, 77 So.2d 13 (1954).
As Mr. White did not appeal to the State Civil Service Commission within 30 calendar days after he received written notice of his indefinite suspension, the State Civil Service Commission properly granted a motion for summary disposition for failure to appeal timely, and the judgment of the State Civil Service Commission is affirmed, at appellant's costs.
AFFIRMED.