SCHOTT, Chief Judge.
Appellant was suspended five days and fined five days pay for dereliction of duty as a civil servant. The Civil Service Commission dismissed her appeal as untimely. She has appealed the dismissal to this court.
Appellant was employed by the City of New Orleans to supervise children residing at Milne Boys Home. On July 11, 1987, during appellant’s shift, four of the residents absented themselves from the institution for two hours. Nonetheless, appellant reported them as present. Following an investigation, appellant’s immediate supervisor recommended the five day suspension and fine. On July 22, 1987 appellant’s appointing authority notified her that he was imposing the five day suspension and fine. On July 23, 1987 appellant’s assistant superintendent, Muburak Kareem, notified her of the suspension and fine.
On July 28, 1987 appellant filed an employee grievance form with Kareem asking for a reversal of the disciplinary action. On September 16 appellant’s appointing authority notified her that “the committee has decided to substantiate” the suspension and fine. On October 15 appellant took her appeal to the Civil Service Commission.
The Civil Service Commission; has exclusive power to hear and decide disciplinary cases for civil servants. Const. Art. 10 § 12. Rules adopted by the commission have the effect of law. Const. Art. 10 § 10(4). Commission rules in effect at the time of appellant’s suspension provided the right to a regular employee in the classified service to appeal to the Commission from a suspension and fine. Rule II Section 4.1. Such an appeal had to be received by the Department of Civil Service no later than the thirtieth calendar day after the action taken by the appointing authority. Section 4.3.
When appellant’s case came before the commission it was dismissed as prescribed. The commission held that the July 22 notice by the appointing authority triggered the delay for the appeal to the commission. In this court appellant contends that the second notice she received in September triggered the appeal delay time. According to appellant she filed her grievance on a form supplied by the City of New Orleans. On the form she asked for a rescission of the suspension and fine. She was afforded a hearing before several supervisory personnel at which she presented her version of the facts and was told that the matter was being considered and that she would hear from the City in due course. Because of this advice and since the hearing took place after the July 22 letter she felt no need to appeal, but she did take a timely appeal after receiving the second letter from her appointing authority in September. From these facts appellant argues that the City was estopped from pleading prescription.
The city contends that the constitutional grant of appellate jurisdiction over disciplinary cases to the commission and the commission’s rule providing appellant with a thirty day period in which to appeal required her to turn to the commission for relief after she received the July 22 letter; that her notice of grievance was tantamount to an appeal but was directed to the wrong entity, one which was without jurisdiction over the matter; and that this notice, the subsequent hearing, and the second notice had no meaning or effect on her appellate rights.
While we consider the commission’s position and the city’s argument to have great merit we have concluded that the peculiar facts of this case do not support the conclusion reached by the commission. Although the appointing authority notified appellant that disciplinary action was being taken, his subsequent actions toward appellant clearly indicated that his action was not final and was subject to reversal. By receiving and entertaining appellant’s grievance notice of July 28 he rescinded his own disciplinary notice issued six days previously. Not until September did he issue an effective disciplinary notice from which appellant's only remedy was an appeal to the commission.
Accordingly, the order of the Civil Service Commission dismissing appellant’s appeal is reversed and the case is remanded *217 to the Civil Service Commission for a hearing on the merits of the appeal.
REVERSED AND REMANDED.