EDWIN A. LOMBARD, Judge Ad Hoc.
|aThe plaintiff/appellant, Barbara Pilson, appeals the decision of the Civil Service Commission uphold the summary dismissal of her appeal in this matter. After review of the record in light of the applicable law[1] and arguments of the parties, we affirm the decision of the Civil Service Commission.

Relevant Facts and Procedural History

On February 1, 2005, the appellant, a civil service employee, learned that another applicant had been hired for a position for which she applied. On June 2, 2005, she filed an appeal with the State Civil Service Commission (“the Commission”), alleging discrimination and a violation of La. Rev. Stat 37:2707. The Commission dismissed the appeal as untimely.

Discussion

The appellant argues that the Civil Service Commission erred in summarily dismissing her appeal because she filed a formal grievance on February 14, 2005, and therefore the time period for filing an appeal should have been suspended while the grievance was pending. The appellant contends that because “this matter resembles a disciplinary action” (emphasis added) written notice of her appeal rights should be required.
Pursuant to Civil Service Rule 13.10, an employee may appeal to the Civil Service Commission when she has been subjected to a disciplinary action, a civil service rules violation, or discrimination. Civil Service Rule 13:12 (Delay for Making Appeal) provides in pertinent part:
*624 |8“(a) No appeal shall be effective unless a written notice complying with the requirements of Rule 13.11 is either (i) received in the office of the Director of the State Department of Civil Service at Baton Rouge, Louisiana, or (ii) is addressed to the Director of the State Department of Civil Service at Baton Rouge, Louisiana, with proper postage affixed, and is dated by the United States Post Office.
* * * * * * *
2. Within thirty (30) calendar days after the date when appellant learned or was aware that the action complained of had occurred when no written notice is required by these Rules or, if required, was given tardily or not at all.
Nothing in the civil service rules provides for an interruption of the time for appeal by the filing of a grievance or taking other non-appellate action and under the jurisprudence of the Louisiana First Circuit Court of Appeals the civil service rules are strictly interpreted. White v. Department of Health and Human Resources, 385 So.2d 400 (La.App. 1 Cir.), writ denied, 386 So.2d 358 (La.1980) (“The Rules, not providing for interruption of the time of appeal, there can be none in the present case.”)[2]
The appellant did not appeal to the State Civil Service Commission within 30 calendar days of learning that another person had been hired for the position which she sought and, thus, under the jurisprudence of the Louisiana First Circuit Court of Appeal we cannot find that the Commission erred in summarily dismissing her appeal as untimely. Accordingly, the judgment of the the Commission is affirmed.
AFFIRMED.

. Article X, Section 12 of the Louisiana constitution provides in pertinent part,_that "[e]ach city Commission established by Part I of this Article shall have the exclusive power and authority to hear and decide all removal and disciplinaiy cases ...." La. Const. Art. X § 12(b). Decisions of the Commission are reviewable by the court of appeal whose jurisdiction encompasses the locality of the Commission. Butler v. New Orleans Police Department, 2003-2180 (La.App.4Cir. 10/6/04), 885 So.2d 1266, 1268 n. 2.

. The appellant urges the court to consider this court’s decision in Bethune v. Dept. of Welfare, 541 So.2d 215 (La.App. 4th Cir. 1989), wherein the court reversed the dismissal of appellant’s appeal to the Civil Service Commission as untimely on the "peculiar facts” of the case — the appointing authority, in effect, rescinded prior disciplinary notice by receiving and entertaining appellant’s grievance notice. We do not find that Bethune, a case dealing with a disciplinary job action, is persuasive in this case.